# EXHIBIT 1

# EXHIBIT 1

M. BRADLEY JOHNSON, ESQ.
Nevada State Bar No. 4646
bjohnson@sjwlawfirm.com
SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
(702) 362-6666 - Telephone
(702) 362-2203 - Facsimile
*Attorneys for Defendant*
LOYA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MUHAMMAD BIN MUSA ALI individually,<br><br>Plaintiff,<br><br>v.<br><br>LOYA INSURANCE COMPANY, a foreign corporation; BRIANNA WALTON, an individual,<br><br>Defendants. | Case No. 2:24-cv-01949-CDS-EJY<br><br>**DEFENDANT LOYA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF MUHAMMAD BIN MUSA ALI'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:          PLAINTIFF MUHAMMAD BIN MUSA ALI

RESPONDING PARTY:          DEFENDANT LOYA INSURANCE COMPANY

SET NO.:          ONE

Defendant Loya Insurance Company ("Defendant") hereby responds to Plaintiff Muhammad Bin Musa Ali's First Set of Requests for Production of Documents ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

Loya objects to any and all demands insofar as they call for material protected by the attorney-client privilege or the attorney work product immunity and will not produce any communication, document, or other information that is so protected. Any production of a privileged document would be inadvertent and should not be deemed a waiver of any privilege. In addition, to the extent the demand purports to ask Loya to produce and identify privileged documents or work product that were generated after the commencement of this lawsuit, and which relate to the defense

of this lawsuit, Loya objects that the demand is overbroad, burdensome and oppressive, and Loya will neither produce nor identify any such documents. Nor will Loya produce or identify third party documents that it has obtained through discovery or in the defense of this lawsuit.

Loya also objects to any and all demands to the extent that discovery is continuing and reserves the right to use documents that are later discovered.

To the extent that the demand for production specifies a form for the production of electronically stored information, Loya objects to that specified form.  Loya will produce its documents in PDF form.

The preceding information is incorporated into each of the following responses as if set forth therein in full.

### RESERVATION OF RIGHT TO SUPPLEMENT OR MODIFY RESPONSE

Defendant reserves the right to supplement, modify or correct its responses to these Requests, or any part of them, as Defendant acquires additional information in the course of its investigation and discovery in this action.

Subject to the foregoing General Objections, which are incorporated into each specific Response below and expressly subject thereto, Defendant responds to Plaintiff's First Set of Requests for Production of Documents, as follows:

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce your entire pre-litigation claims file, including claim notes, concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI further identified as Loya Insurance Company Claim No. 80-279892, which is the subject of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving the aforementioned objection, Loya states: Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce your entire post-litigation claims file, including claim notes, concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI further identified as Loya Insurance Company Claim No. 80-279892, which is the subject of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of the pre-litigation written or electronic communication concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI, further identified as LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892, which is the subject of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of the post-litigation written or electronic communication concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI, further identified as LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892, which is the subject of this litigation.

Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes, claim file, and staff counsel's file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of the documents and notes concerning bodily injury claim valuation of Plaintiff MUHAMMAD BIN MUSA ALI.  For Case No. A-23-876478-C – Eighth Judicial District Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of the documents and notes concerning property damage claim valuation of Plaintiff MUHAMMAD BIN MUSA ALI For Case No. A-23-876478-C – Eighth Judicial District Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of the pre-litigation written or electronic claim notes and/or diary entries concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI, further identified as LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892, that is the subject of this litigation including, but not limited to, loss investigation, coverage investigation, liability investigation, and/or evaluation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of the post-litigation written or electronic claim notes and/or diary entries concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI, further identified as LOYA INSURANCE COMP ANY Policy 80783186372 and Claim Number 80-279892, that is the subject of this litigation including, but not limited to, loss investigation, coverage investigation, liability investigation, and/or evaluation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes and claim file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce the inter and intra-office mail, email, management memoranda, status/progress reports, and any other communications, manual or electronic, that are not part of any file or claims file relative to the instant matter and that were sent from or to any Loya Insurance

Company personnel regarding the claim of Plaintiff MUHAMMAD BIN MUSA ALI, further identified as LOYA INSURANCE COMP ANY Policy 80783186372 and Claim Number 80-279892, that is the subject of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya is not presently aware of any documents related to its handling of the underlying claim that were not saved as part of Loya's claim notes, claim file, or staff counsel file, all of which Loya will produce.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce your entire underwriting file concerning the policy(ies) issued to BRIANNA WALTON, including, but not limited to, its application(s), underwriting investigation(s), underwriting decision(s), premium calculation(s), and policy(ies) of insurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection.  The underwriting of the subject policy is not at issue in this case.  Thus, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Moreover, the burden of producing this information outweighs any minimal probative value given that underwriting is not at issue in this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of the written and/or electronic communications between LOYA INSURANCE COMPANY and BRIANNA WALTON concerning the claim of Plaintiff MUHAMMAD BIN MUSA ALI, further identified as LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892, that is the subject of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes, claim file, and staff counsel's file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of the policies, procedures, guidelines, bulletins, manuals, memoranda, and/or any training materials in existence from June 2018 to present used by, or made available to, bodily injury examiners working for LOYA INSURANCE COMPANY concerning compliance with Nevada law in the handling of bodily injury claims in the State of Nevada.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection.  The request is vague and ambiguous, including its use of numerous undefined phrases such as "policies, procedures, guidelines, bulletins, manuals, memoranda, and/or any training materials," "compliance with Nevada law," and handling of bodily injury claims."  This request is also overbroad, harassing, and unduly burdensome because it is not reasonably tailored to the relevant timeframe or to an issues that relate to plaintiff's underlying claim – in particular, Ms. Walton's failure to cooperate with her own defense.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent that this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce the documents, records, policies, procedures, manuals and/or guidelines in effect on November 20, 2022 to ensure your company and employees complied with NRS 485.3091(5).

DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "documents, records, policies, procedures, manuals and/or guidelines."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to plaintiff's specific claim.  Moreover, because Loya has issued payment to plaintiff for the applicable policy limit, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce the training documents in effect on November 20, 2022 to ensure your company and employees complied with NRS 485.3091(5).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "documents, records, policies, procedures, manuals and/or guidelines."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to plaintiff's specific claim.  Moreover, because Loya has issued payment to plaintiff for the applicable policy limit, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce the documents, writings, communications, reports and billings regarding the third-party administration or outsourcing of any operations related to claims processing, claims analysis, medical records, medical billings, and property valuation. This request is specific to any

third-party administration or outsourcing for LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya is not presently aware of any documents related responsive to this request that were not saved as part of Loya's claim notes, claim file, or staff counsel file, all of which Loya will produce.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce the items and documents, including, but not limited to, correspondence, emails, reports, memos, audio recordings, visual recordings and statements, provided to any investigators regarding Plaintiff from November 20, 2022 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Without waiving the aforementioned objection, Loya states:

Loya is not presently aware of any documents related to its handling of the underlying claim that were not saved as part of Loya's claim notes, claim file, or staff counsel file, all of which Loya will produce.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce the items and documents, including, but not limited to correspondence, emails, reports, memos, notes, concerning the gathering of the Plaintiff's medical bills and records as it relates to the review and evaluation of Plaintiff's claim for the subject November 20, 2022 collision. This includes document requests by your company or by a third party on your company's behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection.  Loya objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.   Without waiving the aforementioned objection, Loya states:

Loya will produce the non-privileged portions of its claim notes, claim file, and staff counsel's file for claim number 80-279892.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce a copy of the standards implemented by LOYA INSURANCE COMPANY for the prompt investigation of claims in effect in the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "standards" and "prompt investigation of claims.   The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce a copy of the standards implemented by LOYA INSURANCE COMPANY and in effect for the year 2022 for compliance with the cancellation and termination requirements of NRS 485.3092.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "standards" and "compliance with the cancellation and termination requirements.  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in

plaintiff's specific claim. Moreover, Loya is not contending that Ms. Walton's policy was cancelled or terminated in 2022. Therefore, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks documents protected by the attorney-client and/or attorney work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 20 (a-p):**

Please produce a copy of the standards implemented by LOYA INSURANCE COMPANY and in effect for the years 2022-23 for the prompt investigation of claims referring or relating to the provisions of the Nevada Unfair Claims Practices Act, NRS 686A.310 including, but not limited to, standards relating to the following:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20 (a-p):**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "standards" and "prompt investigation of claims referring or relating to the provisions of the Nevada Unfair Claims Practices Act, NRS 686A.310." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature. Loya also incorporates by reference its objections below to subparts (a) through (p).

**REQUEST FOR PRODUCTION NO. 21:**

(a) Representing to insureds or claimants pertinent facts and insurance policy provisions relating to any coverage at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "pertinent facts" and "insurance provisions relating to coverage." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve a dispute over whether plaintiff's bodily injury claim was covered while that claim was pending. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 22:**

(b) Acknowledging and acting reasonably and promptly upon communications with respect to claims arising under insurance policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "communications" and "claims arising under insurance policies." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 23:**

(c) Adopting and implementing reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "prompt investigation and processing" and "claims arising under insurance policies."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 24:**

(d) Affirming or denying coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by insured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "coverage of claims."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 25:**

(e) Effectuating prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrase "claims."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  LOYA also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 26:**

(f) Not compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "amounts due under an insurance policy" and "claims."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege

and/or work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 27:**

(g) Attempting to settle a claim by an insured for an amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "written or printed advertising material accompanying or made part of an application." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any printed advertising material. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. LOYA also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 28:**

(h) Not attempting to settle claims on the basis of an application which was altered with notice to, or acknowledge or consent of, the insured, his representative, agent or broker.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is vague and ambiguous, including its use of the undefined phrase "settle claims." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any altered application. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding

to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 29:**

(i) Informing insureds or beneficiaries, upon payment of a claim, of the coverage under which payment is made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is vague and ambiguous, including its use of the undefined phrase "payment of a claim." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 30:**

(j) Not informing insureds or claimants a practice of the insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This request is vague and ambiguous, including its use of the undefined phrase "practice of the insurer." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any arbitration. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not

likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. LOYA also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 31:**

(k) Not delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring a subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "claims," "preliminary claim report," and "formal proof of loss." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any "preliminary claim report" or subsequent "formal proof of loss." As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents. Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. LOYA also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 32:**

(1) Not settling claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "claims" and "portion of the insurance policy coverage."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any issues regarding conditioning settlement of "portions of the insurance policy coverage" on other coverages. As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 33:**

(m) Compliance with the provisions of NRS 687B.310 to 687B.390, inclusive, or 687B.410.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrase "provisions" of the specified statutes.  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve any issues addressed in the referenced statutes.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  LOYA also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 34:**

(n) Providing promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial or his claim or for an offer to settle or compromise his claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "basis in the insurance policy" and "insured's claim and the applicable law."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 35:**

(o) Not advising an insured or claimant not to seek legal counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection.  This request is vague and ambiguous.  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any issue regarding either party not seeking legal counsel.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work

product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 36:**

(p) Not misleading an insured or claimant concerning any applicable statute of limitations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection.  This request is vague and ambiguous.  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which was a third-party claim not a first-party claim by the insured and did not involve any issues related to a statute of limitations.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce a copy of the entire contract and agreement in place between your company and Defendant BRIANNA WALTON for LOYA INSURANCE COMPANY Policy 80783186372, including any addendums.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection.  This request is vague and ambiguous in that it doesn't specify an operative timeframe.  For that reason, to the extent the request encompasses any period other than November 2022, the request is overbroad and relates to facts and circumstances that are not applicable to this case and, thus, seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of admissible evidence at trial.  Without waiving the aforementioned objections, Loya states:

Loya will produce a copy of the policy, no. 80783186372, effective September 2, 2022 to March 2, 2023.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any agreement or contract and/or any correspondence related thereto between Loya Insurance Company and the Nevada Division of Insurance allowing your company to provide motorist coverage in the State of Nevada during the time-period of the subject collision involving Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "agreement or contract and/or any correspondence related thereto" and "motorist coverage."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve any dispute regarding Loya's authority to issue insurance policies in the State of Nevada.  As such, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce the marketing and advertising materials from your company that were targeted to, or intended to reach, the jurisdiction of Nevada related to the sale of automobile coverage to individuals. This includes commercials, radio ads, jingles, spokespersons, emails, flyers, billboard and other mixed media advertising. [This request is limited and tailored to the five (5) years preceding November 20, 2022 and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "marketing and advertising materials" and "related to the sale of automobile coverage to individuals."  The request is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve any issues related to advertising or marketing materials.  As such, this request seeks documents that are not relevant, not

Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Moreover, Loya has no readily available means of identifying or gathering the potentially responsive documents for the operative timeframe.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Loya further objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Loya also objects to this request because it seeks production of documents that are highly confidential, proprietary and/or of a trade secret nature.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce a copy of the claim, letter or demand made against you where your insured, or their counsel, alleged that Defendant LOYA INSURANCE COMPANY failed to follow NRS 485.3091(5)(a) attempted to cancel or annul an insurance policy based on a post-collision violation of the policy. [This request is limited and tailored to the five (5) years preceding November 20, 2022 to present and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "claim, letter or demand" and "post-collision violation of the policy."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve any attempt to cancel or annul the insured's policy.  Moreover, because Loya has issued payment to plaintiff for the applicable policy limit, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Moreover, Loya has no readily available means of identifying or gathering the potentially responsive documents.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Finally, this request seeks private documents related to insurance policies and/or claims of third parties who are not involved in this litigation.

**REQUEST FOR PRODUCTION NO. 41:**

Please provide a copy of the letter or email where LOYA INSURANCE COMPANY represented to their insured that they were cancelling or annulling a motor vehicle lability policy for

something alleged to have occurred after the occurrence of the injury or damage. [This request is limited and tailored to the five (5) years preceding November 20, 2022 to present and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "represented to their insured" and "something alleged to have occurred after the occurrence of the injury or damage."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve any attempt to cancel or annul the insured's policy.  Thus, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Moreover, Loya has no readily available means of identifying or gathering any potentially responsive documents.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any potentially responsive documents.  Finally, this request seeks private documents related to insurance policies and/or claims of individuals who are not party to this litigation.

**REQUEST FOR PRODUCTION NO. 42:**

Please provide a copy of the letter or email where LOYA INSURANCE COMPANY represented to a third-party that they were cancelling or annulling a motor vehicle lability policy for something alleged to have occurred after the occurrence of the injury or damage. [This request is limited and tailored to the five (5) years preceding November 20, 2022 to present and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "represented to a third-party" and "something alleged to have occurred after the occurrence of the injury or damage."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to the issues raised in plaintiff's specific claim, which did not involve any attempt to cancel or annul the insured's policy.  This request also lacks foundation and is unintelligible as phrased because Loya cannot cancel or annul a third-party's liability policy since they did not

contract with Loya.  Thus, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Moreover, Loya has no readily available means of identifying or gathering any potentially responsive documents.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any responsive documents.  Finally, this request may seek private documents related to insurance policies and/or claims of individuals who are not party to this litigation.

**REQUEST FOR PRODUCTION NO. 43:**

Please provide a copy of the letter or email where LOYA INSURANCE COMPANY represented to their insured that they were not providing coverage based on a lack of cooperation or communication after the occurrence of the injury or damage. [This request is limited and tailored to the five (5) years preceding November 20, 2022 to present and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Objection.  This request is vague and ambiguous, including its use of the undefined phrases "represented to their insured" and "lack of cooperation or communication after the occurrence of the injury or damage."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to type of claim and factual issues in plaintiff's specific claim.  Moreover, while Loya provided several reservation of rights to deny coverage, it never sent Ms. Walton a coverage denial letter.  Thus, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.  Moreover, Loya has no readily available means of identifying or gathering any potentially responsive documents.  Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any potentially responsive documents.  Finally, this request seeks private documents related to insurance policies and/or claims of individuals who are not party to this litigation.

Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 44:**

Please provide a copy of the letter or email where LOYA INSURANCE COMPANY represented to a claimant of their counsel that they were not providing coverage for a collision based on a lack of cooperation or communication with their insured after the occurrence of the injury or damage. [This request is limited and tailored to the five (5) years preceding November 20, 2022 to present and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "represented to a claimant or their counsel" and "lack of cooperation or communication with their insured after the occurrence of the injury or damage." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to type of claim and factual issues in plaintiff's specific claim. Moreover, while Loya provided several reservation of rights to deny coverage, it never sent Ms. Walton a coverage denial letter.. Thus, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Moreover, Loya has no readily available means of identifying or gathering any potentially responsive documents. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any potentially responsive documents. Finally, this request seeks private documents related to insurance policies and/or claims of individuals who are not party to this litigation.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce a copy of the arbitration findings, where an insured, or their counsel, alleged that Defendant LOYA INSURANCE COMPANY wrongfully or improperly denied the existence of personal automobile insurance coverage following a collision. This includes any such findings irrespective of whether a lawsuit was filed related to the dispute. [This request is limited and tailored to the five (5) years preceding November 20, 2022 to present and the jurisdiction of the State of Nevada.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. This request is vague and ambiguous, including its use of the undefined phrases "arbitration findings" and "wrongfully or improperly denied the existence of personal automobile insurance coverage following a collision." The request is also overbroad, unduly burdensome, and harassing in that it is not limited to type of claim and factual issues in plaintiff's specific claim, which did not involve a dispute over whether plaintiff's bodily injury claim was covered while that claim was pending. Moreover, because Loya provided Ms. Walton with a full defense and subsequently paid the full policy limit, no formal coverage denial was required. Thus, this request seeks documents that are not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial. Moreover, Loya has no readily available means of identifying or gathering any potentially responsive documents. Thus, the burden of responding to this request outweighs the minimal (if any) probative value of any potentially responsive documents. Finally, this request seeks private documents related to insurance policies and/or claims of individuals who are not party to this litigation.

/ / /

/ / /

/ / /

Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 46:**

Please produce the documents which support your AFFIRMATIVE DEFENSES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Loya will produce the non-privileged portions of its claim notes, claim file, staff counsel's file for claim number 80-279892, as well as the policy, of the contents of which support Loya's affirmative defenses.

Dated this 19th day of March, 2025

SCHNITZER JOHNSON & WATSON, CHTD.

*/s/ M. Bradley Johnson, Esq.*
M. BRADLEY JOHNSON, ESQ.
Nevada State Bar No. 4646
8985 S. Eastern Ave. Suite 200
Las Vegas, NV 89123
*Attorneys for Defendant Loya Insurance Company*

Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 19th day of March, 2025, I served a copy of the foregoing **DEFENDANT LOYA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF MUHAMMAD BIN MUSA ALI'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** by submitting to the following via electronic and U.S. Mail:

Craig W. Drummond, Esq.
Joseph A. Tutone, Esq.
DRUMMOND LAW FIRM
3325 W. Sahara Ave.
Las Vegas, NV 89102

/s/ Stephanie Jensen
An employee of SCHNITZER JOHNSON & WATSON, CHTD.

Case No. 2:24-cv-01949-CDS-EJY

DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS