# EXHIBIT 3

# EXHIBIT 3

M. BRADLEY JOHNSON, ESQ.
Nevada State Bar No. 4646
bjohnson@sjwlawfirm.com
SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
(702) 362-6666 - Telephone
(702) 362-2203 - Facsimile
*Attorneys for Defendant*
LOYA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MUHAMMAD BIN MUSA ALI individually,<br><br>            Plaintiff,<br><br>      v.<br><br>LOYA INSURANCE COMPANY, a foreign corporation; BRIANNA WALTON, an individual,<br><br>            Defendants. | Case No. 2:24-cv-01949-CDS-EJY<br><br>**DEFENDANT LOYA INSURANCE COMPANY'S VERIFIED RESPONSES TO PLAINTIFF MUHAMMAD BIN MUSA ALI'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     PLAINTIFF MUHAMMAD BIN MUSA ALI

RESPONDING PARTY:     DEFENDANT LOYA INSURANCE COMPANY

SET NO.:               ONE

Defendant Loya Insurance Company ("Defendant") hereby responds to Plaintiff Muhammad Bin Musa Ali's First Set of Interrogatories ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

Loya objects to any and all demands insofar as they call for material protected by the attorney-client privilege or the attorney work product immunity and will not produce any communication, document, or other information that is so protected. Any production of a privileged document would be inadvertent and should not be deemed a waiver of any privilege. In addition, to the extent the demand purports to ask Loya to produce and identify privileged documents or work

-1-                                    Case No. 2:24-cv-01949-CDS-EJY

product that were generated after the commencement of this lawsuit, and which relate to the defense of this lawsuit, Loya objects that the demand is overbroad, burdensome and oppressive, and Loya will neither produce nor identify any such documents. Nor will Loya produce or identify third party documents that it has obtained through discovery or in the defense of this lawsuit.

Loya also objects to any and all demands to the extent that discovery is continuing and reserves the right to use documents that are later discovered.

To the extent that the demand for production specifies a form for the production of electronically stored information, Loya objects to that specified form.  Loya will produce its documents in PDF form.

The preceding information is incorporated into each of the following responses as if set forth therein in full.

**RESERVATION OF RIGHT TO SUPPLEMENT OR MODIFY RESPONSE**

Defendant reserves the right to supplement, modify or correct its responses to these Requests, or any part of them, as Defendant acquires additional information in the course of its investigation and discovery in this action.

Subject to the foregoing General Objections, which are incorporated into each specific Response below and expressly subject thereto, Defendant responds to Plaintiff's First Set of Interrogatories, as follows:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify the person or persons, including title or position, answering these interrogatories on behalf of Defendant LOYA INSURANCE COMPANY.

**RESPONSE TO INTERROGATORY NO. 1:**

Loya's answers were prepared with the assistance of counsel.

**INTERROGATORY NO. 2:**

Please state the date and amount of each offer made to Plaintiff, or his counsel, in an attempt to settle claim number 80-279892 prior to the Plaintiff filing a lawsuit on August 23, 2023.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties. Therefore, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to Loya's communications with plaintiff's counsel prior to August 23, 2023, which are already in possession of the plaintiff's counsel and have also been produced by Loya in connection with its responses to plaintiff's requests for production of documents.

**INTERROGATORY NO. 3:**

Please state the date and amount of each offer made to Plaintiff, or his counsel, in an attempt to settle Case No. A-23-876478-C - Eighth Judicial District Court.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties. Therefore, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to Loya's communications with plaintiff's counsel prior to and after August 23, 2023, which are already in possession of the plaintiff's counsel and have been produced by Loya in connection with its responses to plaintiff's requests for production of documents.

**INTERROGATORY NO. 4:**

If Defendant, LOYA INSURANCE COMPANY, issued an insurance policy to Defendant BRIANNA WALTON that provided coverage to BRIANNA WALTON in force on November 20, 2022, identify each such policy by providing the effective dates of the policy, the type of insurance, the policy number, and the coverage limits.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. The interrogatory is vague, ambiguous, and overbroad, including its use of the phrase "provided coverage," which does not specify at what point in time there was potential coverage or the specific type of coverage at issue. Moreover, the answer to this interrogatory may

-3-                                                  Case No. 2:24-cv-01949-CDS-EJY

DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Subject to and without waiving the foregoing objections, Loya responds:

Loya issued policy number 80783186372 to Brianna Walton for the policy period from September 2, 2022 to March 2, 2023.  The policy had bodily injury liability coverage limits of $25,000 per person and $50,000 per accident, and property damage coverage of $20,000.  However, Ms. Walton forfeited her right to any such coverage by failing to comply with the terms and conditions of the policy, including her duty to cooperate with Loya's defense of her during the underlying action.

For other information on the terms and conditions of the policy, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's policy which has been produced by Loya in connection with its responses to plaintiff's requests for production of documents.

**INTERROGATORY NO. 5:**

Identify the date on which you first became aware of Plaintiff's collision with BRIANNA WALTON on November 20, 2022, and means by which you were notified.

**RESPONSE TO INTERROGATORY NO. 5:**

Loya received its first notice of the November 20, 2022 accident involving plaintiff and Brianna Walton on November 22, 2022 when it was reported by "Teri w/Drummond Law Firm."

**INTERROGATORY NO. 6:**

Identify the date on which you first acknowledged, or denied, coverage for the collision of November 20, 2022 and provided a copy of such decision to your insured.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection.  This interrogatory is argumentative as phrased and lacks foundation.  Moreover, the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Therefore, pursuant to Fed.R.Civ.P. 33(d), Loya directs the

DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES

plaintiff to the copy of Loya's claim file and claim notes which have been produced by Loya in connection with its responses to plaintiff's requests for production of documents.

**INTERROGATORY NO. 7:**

If coverage for the subject November 20, 2022 collision under LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892 was in any way conditional, or with a reservation of rights, please identify the conditions on which coverage depends or the basis for the reservation of rights as well as any provisions in the subject insurance policy on which the conditional coverage or reservation of rights was based.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. The interrogatory is vague and ambiguous, including its use of the undefined phrases "conditional" and "conditions on which coverage depends." The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties. Therefore, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file and the copy of the policy, which have both been produced by Loya in connection with its responses to plaintiff's requests for production of documents.

**INTERROGATORY NO. 8:**

If Defendant, LOYA INSURANCE COMPANY, is taking the position in this case that there is defense to coverage for subject November 20, 2022 collision under LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892 please identify any such defense to coverage and state the facts and evidence in support of the representation that there is a defense to coverage.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. The interrogatory calls for a legal conclusion and the bases for Loya's legal theories, which Loya is not required to provide. The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Without waiving the aforementioned objections, Loya responds:

-5-                        Case No. 2:24-cv-01949-CDS-EJY
DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES

The policy contains numerous terms and conditions that Ms. Walton was required to comply with in order to be entitled to coverage under her policy.  This includes, but is not limited to, the Duties After an "Accident" or Loss provision.

Loya sent Ms. Walton several reservation of rights letters informing her of her obligations under the policy and the consequences if she failed to fulfill them.  Specifically, Loya informed her of her duty to cooperate.  Despite Loya's many letters, Ms. Walton failed to comply with those duties.  In addition, Loya regularly called Ms. Walton to discuss the claim and her obligations under the policy, but she did not answer the phone and she never returned the voicemails that Loya left for her.  For these reasons, Ms. Walton failed to cooperate in her own defense.  Her failure to cooperate, as required by the terms and conditions of the policy, resulted in Loya being unable to defend the lawsuit filed against her.  Therefore, a default judgment was entered against her.

Because Ms. Walton failed to comply with her duties and obligations under the policy, she forfeited any coverage she otherwise would have been entitled to as it relates to the November 20, 2022 accident.

In addition, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file and the copy of the policy, which have both been produced by Loya in connection with its responses to plaintiff's requests for production of documents, from which additional information responsive to this interrogatory may be derived or ascertained.

**INTERROGATORY NO. 9:**

If Defendant, LOYA INSURANCE COMPANY, contends that it has or had repudiated, disavowed, or disagreed with any action or conduct of its employees or agents who evaluated, handled, or processed LOYA INSURANCE COMPANY Policy 80783186372 and Claim Number 80-279892, please identify each such action or conduct.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection.  The interrogatory is argumentative and lacks foundation, including because it is based on the false premise that Loya's employees or agents acted in some manner for which Loya should have repudiated, disavowed, or disagreed with their actions or conduct.  The interrogatory is also vague and ambiguous with its use of the undefined terms "repudiated, disavowed, or disagreed."

-6-                                    Case No. 2:24-cv-01949-CDS-EJY

Loya further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Loya responds:

Loya reasonably handled plaintiff's bodily injury claim, including Loya's attempts to provide Ms. Walton with a defense against plaintiff's underlying lawsuit. Loya sent Ms. Walton several reservation of rights letters informing her of her obligations under the policy and the consequences if she failed to fulfill them. Specifically, Loya informed her of her duty to cooperate. Despite Loya's many letters, Ms. Walton failed to comply with those duties. In addition, Loya regularly called Ms. Walton to discuss the claim and her obligations under the policy, but she did not answer the phone and she never returned the voicemails that Loya left for her. Therefore, Ms. Walton failed to comply with her duties and obligations under the policy, including her duty to cooperate with her own defense, which resulted in her forfeiting any right to coverage she otherwise would have had with respect to the November 20, 2022 accident. Because this was through no fault of Loya, there would be no basis to repudiate, disavow, or disagree with Loya's employees in this respect.

**INTERROGATORY NO. 10:**

Please state the name and amount of the excess, umbrella, or re-insurance policy for your company, or that you have knowledge of, which would cover this current lawsuit against Defendant LOYA INSURANCE COMPANY. This is requesting insurance for Defendant LOYA INSURANCE GROUP, not insurance directly covering BRIANNA WALTON.

**RESPONSE TO INTERROGATORY NO. 10:**

Not applicable.

**INTERROGATORY NO. 11:**

Please state your company's process or procedure in place in effect on November 20, 2022 to comply with NRS 485.3091(5).

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This interrogatory is vague and ambiguous, including its use of the undefined phrase "process or procedure." The interrogatory is also overbroad, unduly burdensome, and

-7-    Case No. 2:24-cv-01949-CDS-EJY

harassing in that it is not limited to plaintiff's specific claim.  This interrogatory is also overbroad, unduly burdensome, and harassing in that NRS 485.3091(5) contains several subparts, almost all of which are not at issue in this lawsuit.  Moreover, Loya has already tendered the policy limit for the bodily injury and property damage coverage available under the policy.  Therefore, this interrogatory seeks information that is not relevant, not likely to lead to the discovery of relevant information, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of producing this information outweighs its minimal (if any) probative value.  Loya further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**INTERROGATORY NO. 12:**

Please state your company's position whether the coverage under LOYA INSURANCE COMPANY Policy 80783186372 became absolute after the November 20, 2022 collision.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection.  This interrogatory is vague and ambiguous, including its use of the undefined phrase "process or procedure."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to plaintiff's specific claim.  Moreover, Loya has already tendered the policy limit for the bodily injury and property damage coverage available under the policy. Therefore, this interrogatory seeks information that is not relevant, not likely to lead to the discovery of relevant information, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of producing this information outweighs its minimal (if any) probative value.  Loya further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**INTERROGATORY NO. 13:**

Please state your company's process or procedure in effect on November 20, 2022 to comply with NRS 687B.320 regarding the cancellation or termination of an insurance policy.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection.  This interrogatory is vague and ambiguous, including its use of the undefined phrase "process or procedure" and "cancellation or termination."   The interrogatory is also

overbroad, unduly burdensome, and harassing in that it is not limited to plaintiff's specific claim. Moreover, Loya is not contending that Ms. Walton's policy was cancelled or terminated as of November 20, 2022.  In fact, Loya has already tendered the policy limit for the bodily injury and property damage coverage available under the policy.    Therefore, this interrogatory seeks information that is not relevant, not likely to lead to the discovery of relevant information, and not likely to lead to the discovery of evidence that is admissible at trial.  Thus, the burden of producing this information outweighs its minimal (if any) probative value.  Loya further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**INTERROGATORY NO. 14:**

Please state your company's protocol or checklist following before issuing a "Declarations Page" to an insured representing coverage for certain coverage dates. This is tailored to the protocol or checklist in effect in the year 2022.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection.  This interrogatory is vague and ambiguous, including its use of the undefined phrase "protocol or checklist."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to plaintiff's specific claim.  Moreover, this case does not involve any dispute over the issuance of the declarations page to Brianna Walton.  Thus, this interrogatory seeks information that is not relevant, not likely to lead to the discovery of relevant evidence, and not likely to lead to the discovery of evidence that is admissible at trial.

**INTERROGATORY NO. 15:**

If Defendant, LOYA INSURANCE COMPANY, has been a party to a claim or legal action in the State of Nevada brought for fraud, breach of fiduciary duties, breach of the duty of good faith and fair dealing, or breach of statutory duties during the past five (5) years, specific to denying insurance coverage for a motor vehicle collision, please list each action by providing the names and addresses of the parties; the date of the filing of the action; the docket number of the action; and the jurisdiction in which the action was filed. This request is narrowly tailored to request information

DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES

which would then allow the Plaintiff to then reach out to attempt to obtain the pleadings from each case from each jurisdiction or court.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection.  This interrogatory is vague and ambiguous, including its use of the undefined phrases "claim or legal action" and "fraud, breach of fiduciary duties, breach of the duty of good faith and fair dealing, or breach of statutory duties."  The interrogatory is also overbroad, unduly burdensome, and harassing in that it is not limited to any issues that relate to plaintiff's specific claim.  Moreover, Loya did not deny coverage to Ms. Walton for the accident during the claim; rather, she forfeited her right to coverage by failing to comply with her duties under the policy. Therefore, this interrogatory seeks information that is not relevant, not likely to lead to the discovery of relevant information, and not likely to lead to the discovery of evidence that is admissible at trial. Thus, the burden of producing this information outweighs its minimal (if any) probative value, including because Loya has no readily available means of accessing or compiling the requested information.  Finally, Loya objects to the extent this interrogatory  seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiving the aforementioned objection, Loya states:

Loya does not maintain a list of claims or legal actions brought against it for fraud, breach of fiduciary duties, breach of the duty of good faith and fair dealing, or breach of statutory duties. To the extent that it were even possible to compile such a list, which Loya disputes, the time and cost associated with compiling any such list is overly burdensome and harassing, and far exceeds the minimal probative value of this information.  Finally, to the extent that any of this information is public, then it is equally available to the plaintiff.

**INTERROGATORY NO. 16:**

Please state the reason why your employee attorneys did not respond to Plaintiff's Requests for Production of Documents to Defendant Brianna K. Walton and Plaintiff's First Set of Requests for Admissions to Defendant Brianna K. Walton both served on January 18, 2024 in Case No. A-23-876478-C – Eighth Judicial District Court.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection.  The interrogatory is argumentative and lacks foundation as phrased.  The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Subject to and without waiving the foregoing objections, Loya responds:

Ms. Walton's attorney attempted to prepare verified responses to written discovery but was precluded from finalizing and serving them because, despite the attorney's diligent and reasonable attempts to contact Ms. Walton, she failed to communicate with Loya and/or her attorney.  Additionally, Loya sent Ms. Walton several reservation of rights letters informing her of her obligations under the policy and the consequences if she failed to fulfill them.  Specifically, Loya informed her of her duty to cooperate.  Despite Loya's many letters, Ms. Walton failed to comply with those duties.  In addition, Loya regularly called Ms. Walton to discuss the claim and her obligations under the policy, but she did not answer the phone and she never returned the voicemails that Loya left for her.  Therefore, neither Loya nor Ms. Walton's attorney were able to provide verified responses to written discovery.

In addition, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file and its staff counsel's file, which have both been produced by Loya in connection with its responses to plaintiff's requests for production of documents, from which additional information responsive to this interrogatory may be derived or ascertained.

**INTERROGATORY NO. 17:**

Please state the steps your company took to ensure that your insured BRIANNA WALTON was reasonably defended by counsel in Case No. A-23-876478-C – Eighth Judicial District Court.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection.  The interrogatory is vague and ambiguous, including its use of the undefined term "steps."  The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Subject to and without waiving the foregoing objections, Loya responds:

Loya assigned qualified and competent counsel to represent Ms. Walton via Loya's staff counsel office.  That office reasonably and diligently tried to represent and defend Ms. Walton, which included trying to contact her on multiple occasions to elicit her cooperation in her own defense.  This included, but was not limited to, completing verified discovery responses.  However, Ms. Walton failed to communicate or otherwise cooperate with staff counsel's efforts to defend her, which ultimately resulted in a default judgment being entered against her.

Loya also sent Ms. Walton several reservation of rights letters informing her of her obligations under the policy and the consequences if she failed to fulfill them.  Specifically, Loya informed her of her duty to cooperate.  Despite Loya's many letters, Ms. Walton failed to comply with those duties.  In addition, Loya regularly called Ms. Walton to discuss the claim and her obligations under the policy, but she did not answer the phone and she never returned the voicemails that Loya left for her.

In addition, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file and its staff counsel's file, which have both been produced by Loya in connection with its responses to plaintiff's requests for production of documents, from which additional information responsive to this interrogatory may be derived or ascertained.

**INTERROGATORY NO. 18:**

Please state the name and title of your employee with supervisory authority over the employee-attorneys who defended Case No. A-23-876478-C – Eighth Judicial District Court.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection.  The interrogatory is vague and ambiguous, including its use of the undefined term "supervisory authority."

Subject to and without waiving the foregoing objections, Loya responds:

Jennifer Foley was assigned as the handling attorney for the above-noted case.  Justin Zarcone was her supervisor at the time of the underlying litigation.

**INTERROGATORY NO. 19:**

Please state the reason that your company never made an offer to resolve Plaintiff's property damage claim from November 20, 2022 to present.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection. The interrogatory is argumentative and lacks foundation as phrased. Without waiving the foregoing objections, Loya responds:

Loya tendered the $20,000 property damage liability limit to Ali.

**INTERROGATORY NO. 20:**

Please state the reason that your company did not accept Plaintiff's Offer of Judgment e-served on March 28, 2024, which would have resolved Plaintiff's bodily injury and property damage claim within your insured's policy limits.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection. The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Subject to and without waiving the foregoing objections, Loya responds:

At the time that plaintiff served his March 28, 2024 offer of judgment, based on the information provided to Loya as of that date, it was not clear that there was a substantial likelihood that the reasonable value of Mr. Ali's claim would exceed the applicable policy limit. For example, the nature and extent of Mr. Ali's accident-related injuries consisted of strain/sprains to his neck and back which appeared to have resolved shortly after the accident. Mr. Ali's treatment for his accident-related injuries was minimal and consisted exclusively of chiropractic care. And although he provided additional medical records from a January 7, 2023 emergency room visit, those records had nothing to do with his accident-related injuries. To the contrary, he was diagnosed with rectal bleeding from internal hemorrhoids or diverticulitis. Indeed, there was no mention of the accident.

Further, the offer of judgment did not specify the amount Mr. Ali was demanding for his bodily injury claim versus his property damage claim. Thus, it was unclear whether the amounts demanded by Mr. Ali were within the applicable policy limit.

-13-

In addition, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file and its staff counsel's file, which have both been produced by Loya in connection with its responses to plaintiff's requests for production of documents, from which additional information responsive to this interrogatory may be derived or ascertained, including with respect to what information was presented to Loya at the time of the March 28, 2024 offer of judgment.

**INTERROGATORY NO. 21:**

For your FIFTH Affirmative Defense, please state the facts you relied upon to represent that "Plaintiff's claims are barred to the extent that there was a failure to comply with all the terms and conditions of the policy." This includes listing what terms or conditions that BRIANNA WALTON is alleged to have failed to comply.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection. The interrogatory calls for a legal conclusion and the bases for Loya's legal theories, which Loya is not required to provide. The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Without waiving the aforementioned objections, Loya responds:

The policy contains numerous terms and conditions that Ms. Walton was required to comply with in order to be entitled to coverage under her policy. This includes, but is not limited to, the Duties After an "Accident" or Loss provision.

Loya sent Ms. Walton several reservation of rights letters informing her of her obligations under the policy and the consequences if she failed to fulfill them. Specifically, Loya informed her of her duty to cooperate. Despite Loya's many letters, Ms. Walton failed to comply with those duties. In addition, Loya regularly called Ms. Walton to discuss the claim and her obligations under the policy, but she did not answer the phone and she never returned the voicemails that Loya left for her. For these reasons, Ms. Walton failed to cooperate in her own defense. Her failure to cooperate, as required by the terms and conditions of the policy, resulted in Loya being unable to defend the lawsuit filed against her. Therefore, a default judgment was entered against her.

Because Ms. Walton failed to comply with her duties and obligations under the policy, she forfeited any coverage she otherwise would have been entitled to as it relates to the November 20, 2022 accident.

In addition, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file, staff counsel's file, and the copy of the policy, which have been produced by Loya in connection with its responses to plaintiff's requests for production of documents, from which additional information responsive to this interrogatory may be derived or ascertained.

**INTERROGATORY NO. 22:**

For your TENTH Affirmative Defense, please state the facts you relied upon to represent that your insured "mispresented a material fact in connection with the insurance application."

**RESPONSE TO INTERROGATORY NO. 22:**

Objection. The interrogatory calls for a legal conclusion and the bases for Loya's legal theories, which Loya is not required to provide. The answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of deriving or ascertaining the answer is substantially the same for both parties.

Without waiving the aforementioned objections, Loya responds:

Loya's investigation is ongoing and continuing and Loya is not presently aware of any specific facts. Nevertheless, Loya reserves the right to supplement its response upon discovery of any such facts.

/ / /

/ / /

/ / /

-15-

Case No. 2:24-cv-01949-CDS-EJY

DEFENDANT LOYA INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In addition, pursuant to Fed.R.Civ.P. 33(d), Loya directs the plaintiff to the copy of Loya's claim file, staff counsel's file, and the copy of the policy, which have both been produced by Loya in connection with its responses to plaintiff's requests for production of documents, from which additional information responsive to this interrogatory may be derived or ascertained.

Dated this 19th day of March, 2025

SCHNITZER JOHNSON & WATSON, CHTD.


*/s/ M. Bradley Johnson, Esq.*
M. BRADLEY JOHNSON, ESQ.
Nevada State Bar No. 4646
8985 S. Eastern Ave. Suite 200
Las Vegas, NV 89123
*Attorneys for Defendant Loya Insurance Company*

-16-

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 19th day of March, 2025, I served a copy of the foregoing **DEFENDANT LOYA INSURANCE COMPANY'S VERIFIED RESPONSES TO PLAINTIFF MUHAMMAD BIN MUSA ALI'S FIRST SET OF  INTERROGATORIES** by submitting to the following via electronic and U.S. Mail:

Craig W. Drummond, Esq.
Joseph A. Tutone, Esq.
DRUMMOND LAW FIRM
3325 W. Sahara Ave.
Las Vegas, NV 89102

*/s/ Stephanie Jensen*
An employee of SCHNITZER JOHNSON & WATSON, CHTD.

-17-   Case No. 2:24-cv-01949-CDS-EJY

# EXHIBIT A

*Muhammad Bin Musa Ali v. Loya Insurance Company*
United States District Court, District of Nevada
Case No. 2:24-cv-01949-CDS-EJY

VERIFICATION

I, Christopher Bennett, declare as follows:

1.    I am a Casualty Department Manager for Loya Insurance Company, a defendant in this action, and am authorized to make this Verification for and on its behalf.

2.    I have read **DEFENDANT LOYA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF MUHAMMAD BIN MUSA ALI'S FIRST SET OF INTERROGATORIES.**  The responses contained in that document are not within my personal, firsthand knowledge, but rather, are based upon information assembled by Allstate's employees and its attorneys.  I am informed and believe that the responses are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 17, 2025, at San Antonio, Texas.

Christopher Bennett

-1-