# Exhibit A

# Complaint

# Exhibit A

# Complaint

Electronically Filed
7/30/2024 3:17 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
DRUMMOND LAW FIRM
Craig W. Drummond, Esq.
Nevada Bar No. 11109
Joseph A. Tutone, Esq.
Nevada Bar No. 16333
3325 W. Sahara Avenue
Las Vegas, NV 89102
T: (702) 366-9966
F: (702) 508-9440
Craig@DrummondFirm.com
Joey@Drummondfirm.com
*Attorneys for Plaintiff*

CASE NO: A-24-898713-C
Department 2

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MUHAMMAD BIN MUSA ALI, individually; | Case No.: |
| | Dept. No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| LOYA INSURANCE COMPANY, a foreign corporation; BRIANNA WALTON, an individual; DOES I-V; and ROE CORPORATIONS VI-X, inclusive, | ARBITRATION EXEMPTION REQUESTED |
| Defendants. | |

COMES NOW Plaintiff, MUHAMMAD BIN MUSA ALI, individually and as assignee of the rights of Brianna Walton, by and through his attorneys, CRAIG W. DRUMMOND, ESQ., and JOSEPH TUTONE, ESQ., of DRUMMOND LAW FIRM, allege as follows in his Complaint.

**GENERAL ALLEGATIONS**

1.    That at all times relevant hereto, Plaintiff, MUHAMMAD BIN MUSA ALI (hereinafter "ALI" or "Plaintiff") was, and now is, a resident of Lawrenceville, Georgia.

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

2. Upon information and belief, at all times relevant hereto, Defendant LOYA INSURANCE COMPANY (hereinafter "LOYA"), was, and now is, a Texas-based property and casualty insurer.

3. Upon information and belief, at all times relevant hereto, Defendant LOYA was operating in and doing business in Clark County, Nevada registered with the Nevada Division of Insurance, license #18821.

4. Upon information and belief, at all times relevant hereto, Defendant, BRIANNA WALTON (hereinafter "WALTON"), was, and now is, a resident of Las Vegas, Clark County, Nevada.

5. That for this Complaint, Defendant WALTON will be referred to as the "original Defendant."

6. That at all times relevant herein, Defendant WALTON was and is the Defendant in Eighth Judicial District Court Case No. A-23-876478-C.

7. That at all times relevant herein, Defendant WALTON owes the sum of $110,801.42 to Plaintiff, with interest accruing at the legal rate, until satisfied.

8. That Defendant WALTON is being named and served as a Defendant in this matter as she owes money to Plaintiff from the monetary judgment and Plaintiff continues to attempt to collect on the Judgment pursuant to the Nevada Revised Statutes, Chapter 21.

9. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through V and ROE CORPORATIONS VI through X, inclusive, is presently unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that Defendants herein designated as a DOE and/or ROE CORPORATION are responsible in some manner for the events and happenings herein referred to, thereby proximately causing the injury and damages to Plaintiff as herein alleged. The DOE/ROE Defendants were either the insurer, insurance agent, insurance producer, insurance broker, representative, attorney or law firm, or person or entity otherwise responsible for providing insurance, selling insurance, or processing the claim against the original Defendant in the case concerning the subject collision of November 20, 2022. When the true

names and or capacities of such Defendants become known, Plaintiff will ask leave of this Court to amend the Complaint to insert the true names, identities and capacities, together with the appropriate charging allegations.

10. On or about November 20, 2022, Plaintiff ALI was the driver/operator of a 1994 Jaguar XJ at or near Silverado Ranch Boulevard and IR15 northbound on ramp in Las Vegas, Clark County, Nevada.

11. On or about November 20, 2022, original Defendant WALTON was the driver/operator/ owner of a 2017 Chevrolet Cruz at or near Silverado Ranch Boulevard and IR15 northbound on ramp in Las Vegas, Clark County, Nevada.

12. On or about November 20, 2022, original Defendant WALTON failed to keep a proper lookout, failed to operate her vehicle reasonably and safely, and failed to use due care, causing the front of her vehicle to strike the right rear of Plaintiff's vehicle.

13. On or about November 20, 2022, original Defendant WALTON allegedly fled the scene of the accident before Plaintiff had a chance to exchange insurance information.

14. Original Defendant WALTON had a duty to operate her vehicle in a safe, careful, and prudent manner, keep a proper lookout, follow the Nevada rules of the road, and generally keep her vehicle from striking other vehicles during the operation of such vehicles in Clark County, Nevada, on or about November 20, 2022.

15. Original Defendant WALTON breached these listed duties when she operated her vehicle in a negligent, careless, unsafe, and reckless manner when she failed to use due care and caused a collision with Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff.

16. That the impact and negligent operation of the vehicle by original Defendant WALTON caused Plaintiff to sustain personal injuries as set forth herein.

17. That at all times relevant, the incident occurred in Las Vegas, Clark County, Nevada.

18. That at the time of the subject collision it was represented to the Nevada Highway

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

Patrol [NHP221101587] and Plaintiff that on November 20, 2022 original Defendant WALTON was covered under a bodily injury liability policy with Defendant LOYA, policy #80783186372, which covered the period of October 6, 2021 to November 14, 2023.

19.    That prior to the underlying lawsuit being filed, Defendant LOYA represented that there was active insurance coverage for the subject November 20, 2022 collision and assigned Claim Number 80-279892.

20.    That during pre-litigation, Defendant LOYA was presented with at least $15,147.00 for Plaintiff ALI's past medical specials and on August 14, 2023 offered $7,441.00 on August 14, 2023 to resolve Plaintiff's claim.

21.    That Plaintiff filed suit related to the underlying collision against original Defendant WALTON on August 23, 2023 and served the Complaint to Defendant WALTON through the Nevada Department of Motor Vehicles on September 14, 2023 in A-23-876478-C.

22.    Thereafter, Defendant WALTON was represented during litigation by Martinez, Dieterich, & Zarcone Law Group, which represents that it is "STAFF COUNSEL FOR LOYA INSURANCE GROUP."

23.    That during litigation, the Plaintiff e-served the following written discovery requests:

      a) Requests for Production of Documents to Defendant Brianna K. Walton, January 18, 2024.

      b) Plaintiff's First Set of Interrogatories to Defendant Brianna K. Walton, January 18, 2024.

      c) Plaintiff's First Set of Requests for Admissions to Defendant Brianna K. Walton, January 18, 2024.

24. That during litigation, Defendant WALTON did not timely respond to any of the written discovery.

25. That on April 23, 2024 the following order was formalized with a Notice of Entry of Order:

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER ON ORDER SHORTENING TIME**

FINDINGS OF FACT: On April 17, 2024, Plaintiff MUHAMMAD ALI filed his Motion to Strike Defendant's Answer on Order Shortening Time. The motion represented that the Defendant had not responded to all written discovery propounded by the Plaintiff and served upon their counsel on January 18, 2024. This Court Ordered that any opposition must filed no later than April 19, 2024 at 5:00 p.m. Plaintiff's Motion to Strike Defendant's Answer on Order Shortening Time came for hearing and oral argument on April 23, 2024, with Plaintiff represented by and through his attorney of record, CRAIG W. DRUMMOND, ESQ. of the DRUMMOND LAW FIRM, and neither the Defendant, nor her counsel appeared. That in addition to the Certificate of Service on the original motion, counsel for Plaintiff represented that the April 23, 2024 hearing date and the motion was also discussed in a recent email exchange with all parties and the Arbitrator. That no opposition to the motion was ever filed prior to the hearing, nor did counsel for the Defendant appear at the hearing to orally oppose the motion. The Court having reviewed the moving papers, and after setting the matter for hearing and oral argument, rules as follows:

IT IS HEREBY ORDERED that due to no written, or oral, opposition by the Defendant, under EJDCR 2.20 the motion is GRANTED.

IT IS FURTHER ORDERED that Defendant BRIANNA K. WALTON's Answer is STRICKEN.

IT IS FURTHER ORDERED that this case is removed from the Arbitration program, all future Arbitration deadlines and hearings vacated, that and that this matter is set for a prove-up hearing before this Court as to Plaintiff's damages.

IT IS FURTHER ORDERED that the prove-up hearing is set for May 7, 2024 at 9:30 a.m. in Department V. The Plaintiff may appear in person, or via videoconference. Counsel for the Defendant may appear at the prove-up hearing to challenge the award of damages.

IT IS SO ORDERED.

26.    That on May 9, 2024 the following order was formalized with a Notice of Entry of Order:

**JUDGMENT AGAINST BRIANNA K. WALTON**

This matter came before this Honorable Court on May 7, 2024, with Plaintiff MUHAMMAD BIN MUSA ALI present via videoconference, and represented by and through his attorney of record, CRAIG W. DRUMMOND, ESQ. of the DRUMMOND LAW FIRM who appeared in person. The hearing time and date was previously noticed, was on the Court's docket, however, neither the Defendant, nor her counsel appeared.

The Court having considered the moving papers of file herein, having reviewed the exhibits on file, the testimony of the Plaintiff, and applicable law and rules as follows:

THE COURT HEREBY FINDS that on April 17, 2024, Plaintiff MUHAMMAD ALI filed his Motion to Strike Defendant's Answer on Order Shortening Time. On April 23, 2024, an Order was entered by this Honorable Court setting a prove up hearing for May 7, 2024. Counsel for the Defendant was specifically authorized to participate in the hearing and challenge any representations by Plaintiff, or Plaintiff's counsel.

THE COURT FURTHER FINDS that the documentary and testimonial evidence support that the Plaintiff sustained serious back and neck injuries following the collision of November 20, 2022, that required medical treatment and such has significantly affected Plaintiff's life. The reasonable value of the causally related past medical billings are $16,200.00. The past, present and future pain and suffering reasonable valuation is $32,400.00.

THE COURT FURTHER FINDS that during the entire period of this case, the Defendant chose not to pay for repairs of the Plaintiff's vehicle, that the Plaintiff has not had his vehicle repaired, has been paying storage fees, and has lost the ability to use his vehicle. The undisputed estimate for repair was $7,916.42.

THE COURT FURTHER FINDS that the vehicle has not been repaired and Plaintiff incurred reasonable storage fees of $559.44, as he presented evidence of being charged $62.16 per month.

THE COURT FURTHER FINDS that Plaintiff incurred a daily loss of vehicle use, testifying he has not been able to use the vehicle for 534 days. Plaintiff presented evidence that an average rental vehicle would cost $30.00 per day, on the low end, based on his online investigation of rental vehicles.

THE COURT FURTHER FINDS that Plaintiff Muhammad Ali incurred $1,118.43 in case costs pursuing the claims against Defendant Walton. These costs include filing fees, service of process fees, investigation fees, witness fees and mediation costs and fall within NRS 18.020.

THE COURT FURTHER FINDS that interest should be awarded under NRS 17.130 on the sub-total Judgment of $73,214.09 from September 14, 2023, until satisfied for interest from September 14, 2023 to May 7, 2024 starting at $4,929.58.

THE COURT HEREBY ORDERS that the Plaintiff is entitled to a recovery for the amounts of $16,200.00 for past medical specials, $32,400.00 for past, present and future pain and suffering, $7,916.42 for vehicle damage/repairs, $559.44 for past vehicle storage costs, $16,020.00 for past loss of vehicle use damages, case costs of $1,118.43, and interest of $4,929.58.

THE COURT FURTHER ORDERS that the Plaintiff is hereby GRANTED A JUDGMENT AGAINST DEFENDANT BRIANNA K. WALTON in the AMOUNT OF $79,143.87, with interest accruing pursuant to the legal rate from May 7, 2024 until satisfied.

THE COURT FURTHER ORDERS that to the extent the Plaintiff has a request for attorney's fees, such may be made based upon the Plaintiff submitting applicable points and authorities. To the extent that the Defendant does not immediately satisfy the Judgment, Plaintiff may request any assignment of rights as outlined in

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

*Gallegos v. Malco Enterprises of Nevada, Inc.,* 127 Nev. 579, 255 P.3d 1287 (2011).

IT IS SO ORDERED.

27. That on June 3, 2024 the following order was formalized with a Notice of Entry of Order:

**ORDER ON PLAINTIFF BIN MUSA ALI'S MOTION FOR ATTORNEYS FEES AND JUDICIAL ASSIGNMENT AND MODIFIED JUDGMENT AGAINST DEFENDANT BRIANNA K. WALTON**

This Order and Judgment is being granted pursuant to EJDCR 2.20 & 2.23(b): If the time to oppose a motion has passed and no opposition has been filed, counsel for the moving party may submit an order granting the motion pursuant to Rule 2.20 to the chambers of the assigned department.

The Court having considered the moving papers of file herein, having reviewed the exhibits on file, and applicable law and rules as follows:

THE COURT FINDS that on May 10, 2024, Plaintiff filed a Motion for Attorney's Fees and Judicial Assignment. The Motion contained a Certificate of Service under NEFCR 9 and Administrative Order 14-2 showing service to counsel for the Defendant on May 10, 2024.

THE COURT FURTHER FINDS that under EJDCR 2.20(e):

Within 14 days after the service of the motion, and 5 days after service of any joinder to the motion, the opposing party must serve and file written notice of nonopposition or opposition thereto, together with a memorandum of points and authorities and supporting affidavits, if any, stating facts showing why the motion and/or joinder should be denied. Failure of the opposing party to serve and file written opposition may be construed as an admission that the motion and/or joinder is meritorious and a consent to granting the same.

THE COURT FURTHER FINDS that under EJDCR 2.23(b):

If the time to oppose a motion has passed and no opposition has been filed, counsel for the moving party may submit an order granting the motion pursuant to Rule 2.20 to the chambers of the assigned department.

THE COURT FURTHER FINDS that no timely Opposition was filed by Defendant Brianna K. Walton related to the present motion.

THE COURT HEREBY ORDERS that Plaintiff Bin Musa Ali's Motion for Attorney's Fees and Judicial Assignment is hereby GRANTED pursuant to EJDCR 2.20 & 2.23(b).

THE COURT FURTHER ORDERS that based on NRS 17.117 and NRCP 68, attorney's fees are warranted and after consideration of the factors in Plaintiff's motion and outlined in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33 (1969), the reasonable value of the work performed by a movant's counsel is the 40% contingency fee amounting to $31,657.55.

THE COURT FURTHER ORDERS that pursuant to NRS 21.32 and *Gallegos v. Malco Enterprises of Nevada, Inc.,* 127 Nev. 579, 255 P.3d 1287 (2011) the judicial assignment of Defendant BRIANNA K. WALTON's bad faith rights

against any insurer covering the automobile collision of November 20, 2022 is GRANTED and that the Plaintiff is authorized to request records and issue subpoenas in furtherance of the collection of the Judgment obtained in this case. THE COURT FURTHER ORDERS that Plaintiff is hereby granted a MODIFIED JUDGMENT AGAINST DEFENDANT BRIANNA K. WALTON in the total sum of $110,801.42, with interest accruing at the legal rate until satisfied. IT IS SO ORDERED.

28.    That as of the time of the filing of this Complaint, the Judgment with Notice of Entry of Order dated June 3, 2024 remains outstanding and has not been satisfied.

29.    That Nevada Revised Statute 485.3091(5) holds as follows:

Every motor vehicle liability policy is subject to the following provisions which need not be contained therein: (a) The liability of the insurance carrier with respect to the insurance required by this chapter becomes absolute whenever injury or damage covered by the policy occurs. The policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage. No statement made by the insured or on behalf of the insured and no violation of the policy defeats or voids the policy.

30.    That Nevada is an absolute-liability jurisdiction as it relates to motor vehicles. *See Torres v. Nevada Direct Insurance Co.*, 131 Nev. Adv. Op. 54 (2015) (holding that "no post injury violation of a policy will release the insurer under the absolute-liability provision" and that an insured's "noncompliance with the notice and cooperation clauses of the policy does not void NDIC's indemnity obligations.")

31.    That the Nevada Supreme Court has held that statutes concerning the cancellation of insurance policies require strict, not just substantial compliance and that notices not conforming to the statutory requirements are ineffective to terminate the insurance contract for nonpayment of premiums. *See e.g. O.P.H. of Las Vegas, Inc., v. Oregon Mut. Ins. Co.*, 401 P.3d 218, 224 (2017).

32.    That further factual support and particularities for Plaintiff's Complaint are in the possession of Defendant LOYA. *See Rocker v. KPMG LLP*, 122 Nev. Adv. Op. No. 101, 148 P.3d 703 (2006).

## FIRST CAUSE OF ACTION
### (Breach of Contract)

33.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

34. That insurance policy no. 80783186372 between Defendant LOYA and "original Defendant" WALTON was a valid and existing contract.

35. That the insurance policy provided insurance coverage for the subject collision of November 20, 2022 including liability coverage of $25,000.00 per person bodily injury and $20,000.00 property and coverage and lawsuit defense.

36. That Defendant LOYA breached their contract with their insured, failed to protect their insured - the "original Defendant," failed to reasonably value Plaintiff's claim, failed to resolve Plaintiff's claim within coverage limits, failed to hire competent defense counsel, failed to respond to written discovery, failed to reasonably defend the underlying lawsuit, and exposed original Defendant WALTON to a Judgment, and as of the filing of this Complaint failed to pay/satisfy the outstanding Judgment.

37. That the breaches by Defendant LOYA are ongoing.

38. That Defendant LOYA is liable for the damages sustained by Plaintiff and "original Defendant" as a result of its breach of contract, including damages for benefits denied under the insurance policy, the amount of the Judgment entered in A-23-876478-C with interest accruing, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

## SECOND CAUSE OF ACTION
### (Violation of the Unfair Claims Practices Act)

48. Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

49. Defendant LOYA's actions were in violation of provisions of the Unfair Claims Practices Act (NRS 686A.310 et seq.), in their dealings and lack of defense related to the "original Defendant," a violation of which was done with Defendant's actual and/or implied knowledge.

50. The violations of NRS 686A.310 et seq., by Defendant LOYA are ongoing and are likely to continue during litigation, and includes actions and inactions by Defendant LOYA as outlined herein, as well as during litigation of this case and A-23-876478-C.

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

51.     That Defendant LOYA failed to protect their insured, the "original Defendant," and have now exposed her to a judgment by not tendering the entire available policy limits of policy no. 80783186372 to Plaintiff, as well as by other actions/inactions during litigation of A-23-876478-C.

52.     Pursuant to NRS 686A.310(2), Defendant LOYA is liable for any damages sustained by Plaintiff and "original Defendant" as a result of its violation of the unfair claims practices, including damages for the full benefits and protections of insurance being denied under the insurance policy, consequential damages, general damages, punitive damages, emotional distress, and attorney's fees, in an amount in excess of $15,000.00.

53.     Pursuant to NRS 686A.310(2), Defendant LOYA is liable for any damages sustained by Plaintiff and "original Defendant" as a result of its violation of the unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, general damages, punitive damages, emotional distress, and attorney's fees, in an amount in excess of $15,000.00

54.     As a direct and proximate result of the actions of Defendant LOYA herein, and each of them, Plaintiff has been required to retain the services of an attorney to prosecute this action; therefore, a reasonable award of attorney's fees and costs is appropriate.

### THIRD CAUSE OF ACTION
**(Breach of the Contractual Covenant of Good Faith and Fair Dealing – Bad Faith)**

55.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

56.     Inherent in every contract is an implied covenant of good faith and fair dealing.

57.     Defendant LOYA failed to deal fairly and in good faith with the "original Defendant" by denying, without a reasonable basis or proper cause, Plaintiff's claims and the Complaint made under the subject insurance policy and binding Nevada caselaw.

58.     That Defendant LOYA failed to protect their insured, the "original Defendant," and have now exposed her to a Judgment.

59. That Defendant LOYA breached the covenant of good faith and fair dealing with their insured, failed to protect their insured - the "original Defendant," failed to reasonably value Plaintiff's claim, failed to resolve Plaintiff's claim within coverage limits, failed to hire competent defense counsel, failed to respond to written discovery, failed to reasonably defend the underlying lawsuit, and exposed original Defendant WALTON to a Judgment, and as of the filing of this Complaint failed to pay/satisfy the outstanding Judgment.

60. The breach by Defendant LOYA is ongoing and is likely to continue during litigation in the present case and includes actions and inactions by Defendant LOYA as outlined herein.

61. As a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff and "original Defendant" are entitled to damages for denied full insurance benefits and protections.

62. That Defendant LOYA is liable for any damages sustained by Plaintiff and "original Defendant" as a result of its bad faith including the amount of the Judgment entered in A-23-876478-C with interest, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

## FOURTH CAUSE OF ACTION
**(Breach of the Tortious Covenant of Good Faith and Fair Dealing – Bad Faith)**

63. Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

64. Inherent in every contract is an implied covenant of good faith and fair dealing.

65. Defendant LOYA owed a duty to "original Defendant" to deal fairly and in good faith.

66. That Defendant LOYA breached the covenant of good faith and fair dealing with their insured, failed to protect their insured - the "original Defendant," failed to reasonably value Plaintiff's claim, failed to resolve Plaintiff's claim within coverage limits, failed to hire competent defense counsel, failed to respond to written discovery, failed to reasonably defend the underlying

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

lawsuit, and exposed original Defendant WALTON to a Judgment, and as of the filing of this Complaint failed to pay/satisfy the outstanding Judgment.

67. As a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff and "original Defendant" are entitled to damages for denied insurance benefits.

68. The breach by Defendant LOYA is ongoing and is likely to continue during this litigation.

69. That Defendant LOYA is liable for any damages sustained by Plaintiff and "original Defendant" as a result of its fraudulent and intentional misrepresentations including the amount of the Judgment entered in A-23-876478-C with interest, special damages, general damages, punitive damages, and attorney's fees and costs, in an amount in excess of $15,000.00.

### FIFTH CAUSE OF ACTION
### (Injunction Against Waste Pursuant to NRS 21.240)

69. Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though the same were fully set forth herein.

70. That at all times relevant herein, Defendant WALTON owes the sum of $110,801.42 to Plaintiff in Eighth Judicial District Court Case No. A-23-876478-C, with interest accruing at the legal rate until satisfied.

71. That pursuant to NRS 21.240 and NRS 33.010, Plaintiff requests injunctive relief in the form of a Court Order against Defendant WALTON to restrain all waste by her.

72. Pursuant to NRS 21.240:
Court may restrain waste until expiration of period for redemption; what is not considered waste. Until the expiration of the time allowed for redemption, the court may restrain the commission of waste on the property, or may appoint a receiver to take charge of the property, or the proceeds thereof, by order granted with or without notice, on the application of the purchaser or the judgment creditor.

73. That the selling, gifting, or relinquishing, of real or personal property by Defendant WALTON, would produce great or irreparable injury to the Plaintiff.

74. That Plaintiff requests that Defendant WALTON be enjoined, estopped and refrained from: SELLING OR DISPOSING OF ANY REAL OR PERSONAL PROPERTY IN

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

EXCESS OF $500.00 DURING THE PENDENCY OF THE PRESENT CASE, TO INCLUDE ANY PROPERTY, VEHICLE, BOAT, ARTWORK, JEWELRY, STOCK, INVESTMENT, PROPERTY INTEREST, OR OTHER ITEMS OF A VALUE IN EXCESS OF $500.00.

75.    That Plaintiff requests that the injunction remain in effect until the Judgment from Eighth Judicial District Court Case No. A-23-876478-C, with interest accruing at the legal rate, is satisfied.

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

**WHEREFORE**, Plaintiff, and as assignee of the rights of "original Defendant" WALTON, expressly reserves the right to amend this Complaint prior to or at the time of trial of this action, and insert those damages not yet fully ascertainable, and prays for relief from the Defendants, for all causes of action, as follows:

1.    Compensatory and/or expectation damages for denied policy benefits against Defendant LOYA;

2.    Consequential and/or incidental damages, including attorney's fees and emotional distress against Defendant LOYA;

3.    General, special and punitive damages in excess of $15,000.00 against Defendant LOYA;

4.    The Judgment entered in A-23-876478-C, with accruing interest;

5.    Interest from the time of service of this Complaint, as allowed by N.R.S. 17.130;

6.    Injunctive relief against Defendant WALTON;

7.    For all reasonable attorney's fees expended by Plaintiff in the prosecution of this matter;

8.    For all taxable costs expended by Plaintiff in the prosecution of this matter; and

9.    For such other and further relief as the Court may deem just and equitable in the premises.

DATED this 30th day of July, 2024.

DRUMMOND LAW FIRM

By: _____
Craig W. Drummond, Esq.
Nevada Bar No. 11109
Joseph A. Tutone, Esq.
Nevada Bar No. 16333
3325 W. Sahara Avenue
Las Vegas, NV 89102
*Attorneys for Plaintiff*

DRUMMOND LAW FIRM
3325 W. SAHARA AVENUE
LAS VEGAS, NV 89102
WWW.DRUMMONDFIRM.COM

## DEMAND FOR JURY TRIAL

MUHAMMAD BIN MUSA ALI, individually, and by and through his attorneys, CRAIG W. DRUMMOND, ESQ. and JOSEPH A. TUTONE, ESQ. hereby demands a jury trial of all the issues against the Defendants in the above matter.

DATED this 30th day of July, 2024.

DRUMMOND LAW FIRM

By: _____
Craig W. Drummond, Esq.
Nevada Bar No. 11109
Joseph A. Tutone, Esq.
Nevada Bar No. 16333
3325 W. Sahara Avenue
Las Vegas, NV 89102
*Attorneys for Plaintiff*

DRUMMOND LAW FIRM
3325 W. Sahara Avenue
Las Vegas, NV 89102
www.DrummondFirm.com

Page 15