# Exhibit C

# Loya Auto Policy 80 783186372

# Exhibit C

# Loya Auto Policy 80 783186372

## NEVADA PERSONAL AUTO POLICY
### IMPORTANT NOTICE

The insured has made Loya Insurance Company (hereinafter called the Company) a written application attached hereto and incorporated by reference. All statements and descriptions in the application for this policy, by or on behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless either:

1.   Fraudulent;
2.   Material either to the acceptance of the risk, or to the hazard assumed by us; or
3.   We in good faith would either not have issued the policy, would not have issued the policy at the same premium rate, would not have issued the policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to us as required by the application for the policy or contract or otherwise.

Unless drivers residing with the named insured are named in the Declarations, coverage may not be afforded. If you desire coverage for drivers other than those shown, request your producer to have your policy amended to list the additional drivers.

**NOTICE:** The **BOLDFACE AND UNDERLINED** language contained in this policy is in compliance with the Nevada statutory requirements that "anti-stacking" provisions be prominently displayed in the policy, binder or endorsement.

TO REPORT A NEW LOSS OR IF YOU
ALREADY HAVE A CLAIM NUMBER AND
DESIRE INFORMATION CALL
(800) 880-0472

FOR UNDERWRITING INFORMATION CALL
(800) 554-0595

THESE POLICY PROVISIONS WITH THE
DECLARATIONS PAGE AND
ENDORSEMENTS, IF ANY, ISSUED TO FORM
A PART THEREOF,
COMPLETE THIS POLICY.

This policy does not provide any coverage for any loss that occurs within the Territory of Mexico. Please refer to the "Mexico Warning" on page 30 of the policy.

**Loya Insurance Company**
**Nevada Personal Auto Policy**

This is your new Personal Auto Insurance Policy. The policy is written in simplified language you can understand. PLEASE READ YOUR POLICY CAREFULLY — it contains the full terms of our agreements.

If there is any question concerning your policy, please call your producer or company.

LIC-NV-PPA-0008 (11/2016)

P000001

**YOUR PERSONAL AUTO POLICY QUICK REFERENCE**

**DECLARATIONS PAGE**
> Your Name and Address
> Your Auto or Trailer
> Policy Period
> Coverages and Amounts of Insurance

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 4 |
| **DEFINITIONS** | 4 |
| **PART A— LIABILITY COVERAGE** | 6 |
| Insuring Agreement | 6 |
| Supplementary Payments | 6 |
| Exclusions | 7 |
| Limit of Liability | 8 |
| Out of State Coverage | 9 |
| Financial Responsibility | 10 |
| Other Insurance | 10 |
| **PART B— MEDICAL PAYMENTS COVERAGE** | 10 |
| Insuring Agreement | 10 |
| Exclusions | 10 |
| Limit of Liability | 11 |
| Other Insurance | 11 |
| **PART C— UNINSURED MOTORIST COVERAGE** | 12 |
| Insuring Agreement | 12 |
| Exclusions | 13 |
| Limit of Liability | 14 |
| Other Insurance | 14 |
| Arbitration | 15 |
| **PART D— COVERAGE FOR DAMAGE TO YOUR AUTO** | 15 |
| Insuring Agreement | 15 |
| Transportation Expenses | 16 |
| Exclusions | 16 |
| Towing and Labor | 19 |
| Rental Reimbursement Coverage | 19 |
| Limit of Liability | 19 |
| Total Loss | 20 |
| Payment of Loss | 20 |
| No Benefit to Bailee | 20 |
| Other Insurance | 20 |
| Appraisal | 20 |
| **PART E— DUTIES AFTER AN ACCIDENT OR LOSS** | |
| General Duties | 20 |
| Additional Duties for Uninsured Motorist Coverage | 21 |
| Additional Duties for Coverage for Damage to Your Auto | 21 |
| **PART F— GENERAL PROVISIONS** | 22 |
| Bankruptcy | 22 |
| Changes | 22 |
| Misrepresentation or Fraud | 22 |
| Legal Action Against Us | 22 |
| Our Right to Recover Payment | 22 |
| Policy Period and Territory | 23 |
| Termination | 23 |
| Transfer of your interest in this Policy | 24 |
| Two or More Auto Policies | 25 |
| Policy Fee and/or Filing Fee | 25 |
| Additional Premium Due — Loss Settlement | 25 |
| Persons Excluded | 25 |

LIC-NV-PPA-0008 (11/2016)

P000002

|  | Beginning On Page |
|---|---|
| Loss Payable Clause | 25 |
| Loss Payable Deductible Provision | 26 |
| Named Non-Owner Endorsement | 26 |
| Notification of Information Practices — Your Privacy | 28 |
| What kind of Information is Collected About You | 28 |
| Your Privacy is Our Concern | 29 |
| Mexico Warning | 29 |

LIC-NV-PPA-0008 (11/2016)

P000003

PERSONAL AUTO POLICY

AGREEMENT

In reliance upon the statements of fact made in the application for this insurance, in return for the payment of premium when due, and subject to all the terms and conditions of the policy, "we" agree with "you" as follows:

DEFINITIONS

Certain words and phrases are defined. They are in quotation marks when used.

A.    Throughout this policy, "you" and "your" refer to:
1.    The named insured shown in the Declaration; and
2.    The spouse or domestic partner if a "resident" of the same household.
B.    "We", "us" and "our" refer to the Company providing this insurance.
C.    For purposes of this policy, a private passenger type "auto" shall be deemed to be owned by a person if leased:
1.    under a written agreement to that person; and
2.    for a continuous period of at least 6 months.
D.    "Bodily injury" means bodily injury to a person, including resulting sickness, disease or death.
E.    "Business" means any full or part-time profession or occupation.
F.    "Family member" means a person related to "you" by blood, marriage or adoption who is a "resident" of "your" household. This includes a domestic partner, ward or foster child.
G.    "Occupying" means in, upon, getting in, on, out or off.
H.    "Property damage" means physical injury to or destruction of tangible property.
I.    "Trailer" means a vehicle designed to be pulled by a:
1.    private passenger "auto"; or
2.    pickup, van or panel truck.
It also means a farm wagon or farm implement while being towed by a vehicle listed in 1. or 2. above.
J.    "Your covered auto" means:
1.    Any vehicle shown in the Declarations.
2.    Any of the following types of vehicles on the date "you" become the owner:
a.    private passenger "auto"; or
b.    a pickup, van or panel truck for which no other insurance policy provides coverage.
(1)    If the vehicle described in J.2. (a) or (b) replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced if it is acquired during the policy period. However, if "you" wish to add or continue coverage for physical damage to a vehicle described in J.2. (a) or (b), "you" must ask "us" to provide coverage within 30 calendar days after "you" become the owner of the replacement vehicle and "you" must pay "us" any added

LIC.NV.PPA.0008 (11/2016)                    Page 4 of 31

P000004

premium due.

(2) If the vehicle "you" acquire is in addition to any shown in the Declarations, it will have the broadest coverage "we" now provide for any vehicle shown in the Declarations for 30 days after the date "you" become the owner of the additional vehicle, if "you" ask "us" to insure the vehicle within 30 days, if it is acquired during the policy period, and "we" insure all vehicles in "your" household. If "you" wish "us" to provide any coverage, whatsoever, for the additional vehicle beyond 30 calendar days after "you" become the owner of the additional vehicle, "you" must ask "us" to provide such coverage within 30 days after "you" become the owner of the additional vehicle and "you" must pay "us" any added premium due. This provision (2) also applies to any pickup, panel truck or van used in any "business" other than farming or ranching of which "you" become the owner during the policy period, whether it replaces or is in addition to any vehicle shown in the Declarations.

3. Any "trailer" "you" own.

4. Any "auto" or "trailer" "you" do not own, while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. breakdown:
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.

K. "Auto" means a self-propelled private passenger motor vehicle with not less than four wheels designed principally for use on paved public streets and highways, provided that if of the pickup, panel truck, or van type, the rated load capacity does not exceed 2000 pounds.

L. "Accident" means a sudden, unexpected and unintended event that arises out of the ownership, maintenance, or use of an "auto" as an "auto", and that causes "bodily injury" or "property damage".

M. "Betterment" is defined as an improvement made by "us" that increases the value of the covered "auto" to a condition that was better than it was prior to the covered loss.

N. "Resident" means actually living in the household in which "you" reside.

O. "Collision" means the upset of "your covered auto" or its impact with another vehicle or object.

P. "Other Than Collision" means a loss caused by theft

LIC.NV.PPA.0008 (11/2016)          Page 5 of 31

P000005

occurring during the policy period, of "your covered auto", or part thereof, and for loss caused by direct or accidental damage to "your covered auto" other than damage caused by "collision".

Q.    "Non-owned auto" means any private passenger "auto", pickup, van or "trailer" not owned by or furnished or available for the regular use of, or rented by, "you" or any "family member" while in the custody of, or being operated by, "you" or any "family member." However, "non-owned auto" does not include any vehicle used as a temporary substitute for a vehicle "you" own which is out of normal use because of its:
1.    Breakdown;
2.    Repair;
3.    Servicing;
4.    Loss; or
5.    Destruction.
"Non-owned auto" does not include a vehicle that is not in the lawful possession of the person operating it.

## PART  A — LIABILITY COVERAGE

**INSURING AGREEMENT**
A.    We" will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an "accident" and for which coverage is provided under this policy. "We" will defend any suit asking for these damages. Defense will be provided, through attorneys selected by "us", after such suit is tendered to the company. In addition to "our" limit of liability, "we" will pay all defense costs "we" incur on "your" behalf for suits seeking damages covered by this policy. "Our" duty to defend ends when "our" limit of liability for this coverage has been exhausted by payment of settlements or judgments. "We" have no duty to defend any suit for "bodily injury" or "property "damage" not covered under this policy. We have the right, but not the duty, to investigate or settle, as "we" consider appropriate, any claim asking for damages for "bodily injury" or "property damage" because of an "accident" and for which coverage is provided under this policy.
B.    "Insured" as used in this Part means:
1.    "You" or any "family member"; or
2.    Any person using "your covered auto" with "your" express or implied permission.
C.    "We" will not pay or defend any claim which is not covered under this policy.

**SUPPLEMENTARY PAYMENTS**
In addition to "our" limit of liability, "we" will pay on behalf of an "insured":
A.    Up to $250 for the cost of bail bonds required because of an "accident", including related traffic law violations. The "accident" must result in "bodily injury" or "property damage" covered under this policy.
B.    Premiums on appeal bonds and bonds to release attachments in any suit "we" defend.
C.    Interest accruing on the covered portion of a judgment entered in any suit "we" defend. "Our" duty to pay interest ends when "we" offer to pay or deposit in court that part of the judgment which is covered and does not exceed "our" limit of liability for this coverage.

LICNV.PPA.0008 (11/2016)                     Page 6 of 31

**P000006**

D.    Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at "our" request.

E.    Other reasonable expenses incurred at "our" request.

**EXCLUSIONS**

A.    "We" do not provide Liability Coverage for any person:

1.    For "bodily injury" or "property damage" caused intentionally by, or at the direction of, an "insured" or that person; or arising out of an intentional act of an "insured" or that person.

2.    For damage to property owned by, or being transported by, that person.

3.    For damage to property:
    a .    rented to:
    b .    used by; or
    c .    in the care, custody or control of "you", a "family member", any "insured" and/or that person.

    This exclusion (A.3.) does not apply to damage to a residence or private garage

4.    For "bodily injury" during the course of employment to an employee of any "insured" or of that person. This exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5.    For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion (A.5.) does not apply to a share-the-expense car pool.

6.    While employed or otherwise engaged in the "business" of:

    a.    selling;
    b.    repairing;
    c.    servicing;
    d.    transporting;
    e.    storing; or
    e.    parking

    vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

    a .    "you";
    b .    any "family member", or
    c .    any partner, agent or employee of "you" or any "family member".

7.    For "bodily injury" and/or "property damage" arising out of the ownership, maintenance or use of any "auto" in any trade, profession, occupation or job for the purpose of pick-up and/or delivery of products, food, or other items by an "insured" or any other person. By way of example, and not limitation, "we" will not provide liability coverage for any person who is in the course of delivering food, documents, newspapers or flowers.

8.    Using a vehicle without a reasonable belief that the person is entitled to do so.

9.    For "bodily injury" or "property damage" for which that person:

    a.    is an insured under a nuclear energy liability policy; or

LIC.NV.PPA.0008 (11/2016)          Page 7 of 31

P000007

b.    would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:
a.    American Nuclear Insurers.
b.    Mutual Atomic Energy Liability Underwriters: or
c.    Nuclear Insurance Association of Canada.

10.    For liability assumed by an "insured" under contract for any vehicle:
a.    rented to;
b.    used by or
c.    in the care of that person.

11.    For "bodily injury" to "you", a "family member", any "insured", and/or any designated excluded driver who would have otherwise been included in the policy definition of an "insured".

12.    For "bodily injury" to anyone whenever the ultimate benefits of such coverage would accrue directly to "you", a "family member", any "insured", and/or any designated excluded driver who would have otherwise been included in the policy definition of an "insured", but only to the extent that this exclusion does not conflict with the minimum coverage required by the Nevada Financial Responsibility Laws.

13.    For exemplary or punitive damages arising out of any loss otherwise covered under this policy.

B.    **"WE" DO NOT PROVIDE LIABILITY COVERAGE FOR THE OWNERSHIP, MAINTENANCE OR USE OF:**
1.    Any motorized vehicle having fewer than four wheels.
2.    **ANY VEHICLE, OTHER THAN "YOUR" COVERED AUTO" WHICH IS:**
a.    **OWNED BY "YOU" ; OR**
b.    **FURNISHED OR AVAILABLE FOR "YOUR" REGULAR USE.**
3.    **ANY VEHICLE, OTHER THAN "YOUR" COVERED AUTO", WHICH IS:**
a.    **OWNED BY ANY "FAMILY MEMBER"; OR**
b.    **FURNISHED OR AVAILABLE FOR THE REGULAR USE OF ANY "FAMILY MEMBER" .**
**HOWEVER, THIS EXCLUSION (B.3.) DOES NOT APPLY TO "YOUR" MAINTENANCE OR USE OF ANY VEHICLE WHICH IS:**
i.    **OWNED BY A "FAMILY MEMBER" ; OR**
ii.    **FURNISHED OR AVAILABLE FOR THE REGULAR USE OF ANY "FAMILY MEMBER".**
4.    Maintenance or use of any insured vehicle while the vehicle is being used by "you" or an "insured" in a racing event or speed contest of any kind.

**LIMIT OF LIABILITY**
**REGARDLESS OF THE NUMBER OF VEHICLES INVOLVED IN THE "ACCIDENT", PERSONS "INSURED", CLAIMS MADE, PREMIUMS PAID, OR THE NUMBER OF VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS PAGE:**
A.    **THE "BODILY INJURY" LIABILITY LIMIT FOR EACH**

P000008

PERSON AS SHOWN IN THE DECLARATION PAGE IS THE MAXIMUM "WE" WILL PAY FOR "BODILY INJURY" SUSTAINED BY ANY ONE PERSON IN ANY ONE "ACCIDENT", INCLUDING ALL DERIVATIVE CLAIMS WHICH INCLUDE, BUT ARE NOT LIMITED TO LOSS OF CONSORTIUM, LOSS OF SERVICES, LOSS OF COMPANIONSHIP, OR INJURY TO ANY PERSONAL RELATIONSHIP.

B.    SUBJECT TO THE "BODILY INJURY" LIABILITY LIMIT FOR EACH PERSON THE "BODILY INJURY" LIABILITY LIMIT FOR EACH "ACCIDENT" AS STATED IN THE DECLARATIONS PAGE IS THE MAXIMUM "WE" WILL PAY FOR "BODILY INJURY" SUSTAINED BY TWO OR MORE PERSONS IN ANY ONE "ACCIDENT", INCLUDING ALL DERIVATIVE CLAIMS WHICH INCLUDE, BUT ARE NOT LIMITED TO LOSS OF CONSORTIUM, LOSS OF SERVICES, LOSS OF COMPANIONSHIP, OR INJURY TO ANY PERSONAL RELATIONSHIP.

C.    THE "PROPERTY DAMAGE" LIABILITY LIMIT FOR EACH "ACCIDENT" AS STATED IN THE DECLARATIONS PAGE IS THE MAXIMUM "WE" WILL PAY FOR ALL "PROPERTY DAMAGE" ARISING OUT OF ANY ONE "ACCIDENT", REGARDLESS OF THE NUMBER OF PERSONS OR ORGANIZATIONS SUFFERING SUCH "PROPERTY DAMAGE".

D.    The liability limits for "bodily injury" or "property damage" arising out of the operation or use of a motor vehicle by any person other than the named "insured", an additional driver listed in the declarations of this policy, a "family member", or an employee or agent of the named "insured" in the course and scope of that employment or agency, shall be as follows:

1.    For an accident occurring before July 1, 2018:
   a.    $15,000 per person for "bodily injury" liability;
   b.    $30,000 per accident for "bodily injury" liability and
   c.    $10,000 per accident for "property damage" liability.

2.    For an accident occurring on or after July 1, 2018:
   a.    $25,000 per person for "bodily injury" liability;
   b.    $50,000 per accident for "bodily injury" liability; and
   c.    $20,000 per accident for "property damage" liability.

**OUT OF STATE COVERAGE**

If an "accident" to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, "we" will interpret "your" policy for that "accident" as follows:

A.    If the state or province has:
   1.    A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, "your" policy will provide the higher specified limit.
   2.    A compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses a vehicle in that state or province, "your" policy will provide at least the required minimum amounts and types of coverage.

B.    No one will be entitled to duplicate payments for the same

LIC.NV.PPA.0008 (11/2016)          Page 9 of 31

P000009

elements of loss.

**FINANCIAL RESPONSIBILITY**
When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. If, due to such certification, "we" are required to pay a claim which would otherwise have not been covered under this Part, "you" agree to reimburse "us" to the extent of that payment.

**OTHER INSURANCE**
If there is other applicable liability insurance:
A.      Except as provided in B. below, any insurance "we" provide for a vehicle "you" do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance.
B.      If the vehicle "you" do not own is a rental private passenger "auto", the following priorities of recovery apply:
  1.      **FIRST PRIORITY** — Any source of recovery purchased as an option from the owner of the rental private passenger "auto".
  2.      **SECOND PRIORITY** — Any policy affording Liability Coverage to the "insured" as a named insured or "family member".
  3.      **THIRD PRIORITY** — Any policy affording Liability Coverage to the owner of the rental private passenger "auto".
E.      When this insurance is primary, "we" will pay only "our" share of the loss. "Our" share is the proportion that "our" limit of liability bears to the total of all applicable limits.

**PART B — MEDICAL PAYMENTS COVERAGE**
If the Declarations Page for this policy indicates that a premium has been paid for Medical Payments Coverage, "we" agree to provide Medical Payments Coverage subject to the following:

**INSURING AGREEMENT**
A.      "We" will pay any reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":
  1.      Caused by an "accident"; and
  2.      Sustained by an "insured".
  "We" will pay only those expenses incurred within 1 year from the date of the "accident".
B.      "Insured" as used in this Part means:
  1.      "You" or any "family member":
    a.      while "occupying" "your covered auto" or
    b.      as a pedestrian when struck by a motor vehicle designed for use mainly on public roads or a "trailer" of any type.
  2.      Any other person while "occupying" "your covered auto" while being used by "you", a "family member" or other persons with "your" permission.

**EXCLUSIONS**
**"WE" DO NOT PROVIDE MEDICAL PAYMENTS COVERAGE FOR ANY PERSON FOR "BODILY INJURY" :**
A.      Sustained while "occupying" any motorized vehicle having fewer than four wheels.
B.      Sustained while "occupying" "your covered auto" when it is being used to carry persons or property for a fee. This exclusion (2.) does not apply to a share the expense car pool.
C.      Sustained while "occupying" any vehicle located for use as

LIC.NV.PPA.0008 (11/2016)                    Page 10 of 31

P000010

a residence or premises.

D.    Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".

E.    **SUSTAINED WHILE "OCCUPYING" OR WHEN STRUCK BY, ANY VEHICLE OTHER THAN "YOUR COVERED AUTO" WHICH IS:**
1.    **OWNED BY "YOU"; OR**
2.    **FURNISHED OR AVAILABLE FOR "YOUR" REGULAR USE**

F.    **SUSTAINED WHILE "OCCUPYING" OR WHEN STRUCK BY, ANY VEHICLE OTHER THAN "YOUR COVERED AUTO" WHICH IS:**
**a.**    **OWNED BY ANY "FAMILY MEMBER"; OR**
**b.**    **FURNISHED OR AVAILABLE FOR THE REGULAR USE OF ANY "FAMILY MEMBER".**
**HOWEVER. THIS EXCLUSION (F.) DOES NOT APPLY TO "YOU".**

G.    Sustained while "occupying" a vehicle without a reasonable belief that a person is entitled to do so.

H.    Arising out of the use of any vehicle in the operation of a "business" for the purpose of delivering property from a "business" to a consumer. By way of example, and not limitation, "we" do not cover food delivery, flower delivery, or document delivery.

I.    Caused by or as a consequence of:
1.    discharge of a nuclear weapon (even if accidental);
2.    war (declared or undeclared);
3.    civil war;
4.    insurrection; or
5.    rebellion or revolution.

J.    From, cr as a consequence of, the following, whether controlled or uncontrolled or however caused:
1.    nuclear reaction;
2.    radiation; or
3.    radioactive contamination

**LIMIT OF LIABILITY**

A.    **THE LIMIT OF LIABILITY SHOWN IN THE DECLARATIONS FOR THIS COVERAGE IS "OUR" MAXIMUM LIMIT OF LIABILITY FOR EACH PERSON INJURED IN ANY ONE "ACCIDENT". THIS IS THE MOST "WE" WILL PAY REGARDLESS OF THE NUMBER OF:**
1.    **"INSUREDS";**
2.    **CLAIMS MADE;**
3.    **VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS: OR**
4.    **VEHICLES INVOLVED IN THE "ACCIDENT".**

B.    Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expense under Part A or Part C.

C.    No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under Part A or Part C.

**OTHER INSURANCE**

A.    If there is other applicable "auto" medical payments insurance "we" will pay only "our" share of the loss. "Our" share is the proportion that "our" limit of liability bears to the total of all applicable limits. However, any insurance "we"

LICNV-PPA-0008 (11/2016)           Page 11 of 31

P000011

provide to a person who sustains "bodily injury" while "occupying" a vehicle "you" do not own shall be excess over any other collectible "auto" insurance providing payments for medical or funeral expenses.

B. If there is other applicable insurance, which is not motor vehicle liability insurance, available with respect to a loss covered by Part B of this policy, the Insurance under Part B of this policy shall apply only as excess insurance over any such other insurance.

## PART C — UNINSURED MOTORIST COVERAGE

If the Declarations Page for this policy indicates that a premium has been paid for Uninsured Motorist Coverage, "we" agree to provide Uninsured Motorist Coverage subject to the following:

**INSURING AGREEMENT**

A. "We" will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and

2. Caused by an "accident".

However, with respect to coverage under Section 2. of the definition of "uninsured motor vehicle", "we" will pay compensatory damages only in excess of the amount available to an "insured" under any "bodily injury" liability bonds or policies applicable to the "uninsured motor vehicle".

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

Any judgment for damages arising out of a suit brought without "our" written consent is not binding on "us".

B. "Insured" as used in this Part means:

1. "You" or any "family member".

2. Any other person "occupying" "your covered auto".

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or "trailer" of any type:

1. To which no "bodily injury" liability bond or insurance policy applies with liability limits complying with the financial responsibility law of the state in which the "auto" is principally garaged at the time of the "accident".

2. To which a "bodily injury" liability bond or insurance policy applies at the time of the "accident" but its limit for "bodily injury" liability under that bond or policy is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or makes physical contact with:

a. "You" or any "family member";

b. A vehicle which "you" or any "family member" are "occupying"; or

c. "Your covered auto".

4. To which a "bodily injury" liability bond or insurance policy applies at the time of the "accident" but the bonding or insuring company:

P000012

a.    Denies coverage; or

b.    Is or becomes insolvent within two years of the date of the "accident".

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1.    Owned by or furnished or available for the regular use of "you" or any "family member".

2.    Owned or operated by a self-insurer under any applicable motor vehicle financial responsibility law, motor carrier law or any similar law, other than the State of Nevada or a political subdivision thereof.

3.    Owned or operated by the United States of America, any other national government, or a state other than Nevada, or owned or operated by a political subdivision of any such government or any of its agencies.

4.    Operated on rails or crawler treads.

5.    Designed mainly for use off public roads, except while used on public roads.

6.    While located for use as a residence or premises.

**EXCLUSIONS**

A.    **"WE" DO NOT PROVIDE UNINSURED MOTORIST COVERAGE FOR "BODILY INJURY" SUSTAINED:**

1.    **BY AN "INSURED" WHILE "OCCUPYING" OR WHEN STRUCK BY, ANY MOTOR VEHICLE OWNED BY THAT "INSURED" WHICH IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY. THIS INCLUDES A "TRAILER" OF ANY TYPE USED WITH THAT VEHICLE.**

2.    **BY ANY "FAMILY MEMBER" WHILE "OCCUPYING", OR WHEN STRUCK BY ANY MOTOR VEHICLE "YOU" OWN WHICH IS INSURED FOR THIS COVERAGE ON A PRIMARY BASIS UNDER ANY OTHER POLICY.**

**HOWEVER, THIS EXCLUSION APPLIES ONLY TO THE EXTENT THAT THE LIMITS OF LIABILITY FOR THIS COVERAGE EXCEED THE MINIMUM LIMITS OF LIABILITY REQUIRED BY THE NEVADA MOTOR VEHICLE SAFETY RESPONSIBILITY ACT.**

B.    "We" do not provide Uninsured Motorist Coverage for "bodily injury" sustained by any "insured":

1.    If that "insured" or the legal representative settles or has been awarded a judgment of the "bodily injury" claim without "our" prior written consent, and such settlement prejudices "our" right to recover payment.

However, this Exclusion (B.1.) does not apply to a settlement made with the insurer of a vehicle described in Section 2. of the definition of "uninsured motor vehicle".

2.    While "occupying" "your covered auto" when it is being used to carry persons or property for a fee. This Exclusion (B.2.) does not apply to a share-the-expense car pool.

3.    Using a vehicle without a reasonable belief that the "insured" is entitled to do so. This Exclusion (B.3.) does not apply to a "family member" using "your covered auto" which is owned by "you".

C.    This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or

P000013

similar laws:
1.    Workers' compensation law; or
2.    Disability benefits law.

D.    "We" do not provide Uninsured Motorist Coverage for punitive or exemplary damages.

E.    "We" will not pay compensatory damages to the extent that amounts are or were available to an "insured" under any "bodily injury" liability bonds or insurance policies applicable to the "uninsured motor vehicle". This exclusion only applies with respect to a vehicle described in Section 2. of the definition of "uninsured motor vehicle".

LIMIT OF LIABILITY

A.    THE LIMIT OF LIABILITY SHOWN IN THE DECLARATIONS FOR EACH PERSON FOR UNINSURED MOTORIST COVERAGE IS "OUR" MAXIMUM LIMIT OF LIABILITY FOR ALL DAMAGES, INCLUDING DAMAGES FOR CARE, LOSS OF SERVICES OR DEATH, ARISING OUT OF "BODILY INJURY" SUSTAINED BY ANY ONE PERSON IN ANY ONE "ACCIDENT". SUBJECT TO THIS LIMIT FOR EACH PERSON, THE LIMIT OF LIABILITY SHOWN IN THE DECLARATIONS FOR EACH "ACCIDENT" FOR UNINSURED MOTORIST COVERAGE IS "OUR" MAXIMUM LIMIT OF LIABILITY FOR ALL DAMAGES FOR "BODILY INJURY" RESULTING FROM ANY ONE "ACCIDENT".
THIS IS THE MOST "WE" WILL PAY REGARDLESS OF THE NUMBER OF:
1.    "INSUREDS";
2.    CLAIMS MADE;
3.    VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS; OR
4.    VEHICLES INVOLVED IN THE "ACCIDENT".

B.    No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy.

C.    "We" will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D.    "We" will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
1.    Workers' compensation law; or
2.    Disability benefits law.

OTHER INSURANCE
IF THERE IS OTHER APPLICABLE INSURANCE AVAILABLE UNDER ONE OR MORE POLICIES OR PROVISIONS OF COVERAGE THAT IS SIMILAR TO THE INSURANCE PROVIDED UNDER THIS PART OF THE POLICY:

A.    THE TOTAL RECOVERY UNDER ALL SUCH POLICIES OR PROVISIONS OF COVERAGE MAY EQUAL BUT NOT EXCEED THE HIGHEST APPLICABLE LIMIT FOR ANY ONE VEHICLE UNDER ANY INSURANCE PROVIDING COVERAGE ON EITHER A PRIMARY OR EXCESS BASIS.

B.    THE RECOVERY MUST BE PRORATED BETWEEN THE APPLICABLE POLICIES AND/OR COVERAGES IN THE PROPORTION THAT THEIR RESPECTIVE LIMITS BEAR TO THE AGGREGATE TOTAL OF THE LIMITS.

C.    Any insurance "we" provide with respect to a vehicle "you"

P000014

do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any collectible insurance providing such coverage on a primary basis.

## ARBITRATION

A. If "we" and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

The "insured" may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision of the arbitrators will not be binding.

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO
## INSURING AGREEMENT

A. "We" will pay for "collision" only if the Declarations indicate that "collision" coverage is provided. "We" will pay for loss caused by "collision" to "your covered auto" as listed in the Declarations of "your" policy, but only for the amount of each loss in excess of the deductible amount stated in the Declarations. Coverage is provided only for the original equipment as available and installed by the manufacturer or its authorized dealer at time of purchase. "We" will pay for loss caused by "collision" to a "non-owned auto", when operated with the permission of the owner, by the named insured, or any listed driver provided that person is legally liable to the owner for the loss to the "auto". Legally liable, as used herein, shall not include liability assumed by contract.

B. "We" will pay for "other than collision" only if the Declarations indicate that "Other Than Collision" coverage is provided. Coverage is provided only for the original equipment as available and installed by the manufacturer or its authorized dealer at time of purchase. "We" will pay only for the amount of each loss in excess of the deductible stated in the Declarations .

Loss caused by the following is considered "Other Than Collision":

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief or vandalism;
8. Riot or civil commotion;

LIC.NV.PPA.0008 (11/2016)                    Page 15 of 31

P000015

9.      Contact with bird or animal; or
10.     Breakage of glass.
If breakage of glass is caused by a "collision", "you" may elect to have it considered a loss caused by "collision".

## TRANSPORTATION EXPENSES

In addition, "we" will pay up to $10 per day, to a maximum of $300, for transportation expenses incurred by "you". This applies only in the event of the total theft of "your covered auto". "We" will pay only transportation expenses incurred during the period:
A.      Beginning 48 hours after the theft; and
B.      Ending when "your covered auto" is returned to use or "we" pay for its loss.
C.      "We" will not pay "you" the cost of renting a car from an individual. The car must be rented from a "business" whose day-to-day operations involve car rental.

## EXCLUSIONS

A.      "We" do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. "We" will, therefore, not pay for:
  1.    Loss to "your covered auto" which occurs while it is used to carry persons or property for a fee. This exclusion (1.) does not apply to a share-the-expense car pool.
  2.    Loss occurring to "your covered auto" while it is being rented or hired for a fee.
  3.    Damage due and confined to:
        a.      wear and tear;
        b.      deterioration;
        c.      latent or inherent defects;
        d.      freezing;
        e.      mechanical or electrical breakdown or failure; or
        f.      road damage to tires.
        This exclusion (3.) does not apply if the damage results from the total theft of "your covered auto".
  4.    Loss due to or as a consequence of:
        a.      radioactive contamination;
        b.      discharge of any nuclear weapon (even if accidental);
        c.      war (declared or undeclared);
        d.      civil war;
        e.      insurrection; or
        f.      rebellion or revolution.
  5.    Loss or damage to sound producing or recording equipment valued at more than $500 even though factory or dealer installed, and then only for the amount in excess of the deductible on the coverage applicable.
  6.    Loss or damage to tapes, records, CD's or other devices for use with equipment designed for the reproduction of sound.
  7.    Loss or damage to a camper body or "trailer" "you" own which is not shown in the Declarations. This exclusion (7.) does not apply to a camper body or "trailer" "you":
        a.      acquire during the policy period; and
        b.      ask "us" to insure within 30 days after "you" become the owner.
  8.    Loss to any "non-owned auto" or any vehicle used as a temporary substitute for a vehicle "you"

LICNV PPA0008 (11/2016)                    Page 16 of 31

P000016

own, when used by "you" or any "family member" without a reasonable belief that "you" or that "family member" are entitled to do so.

9. Loss to:
   a. TV antennas;
   b. awnings or cabanas; or
   c. equipment designed to create additional living facilities .

10. Loss to any of the following or the accessories;
   a. citizen band radio;
   b. two-way mobile radio;
   c. telephone; or
   d. scanning monitor receiver.

11. Loss to any custom furnishings or equipment in or upon any vehicle. Custom furnishings or equipment include but are not limited to:
   a. special carpeting and insulation, furniture, bars or television receivers;
   b. facilities for cooking and sleeping;
   c. height-extending roofs; or
   d. custom murals, paintings or other decals or graphics.

12. Loss to equipment designed or used for the detection or location of radar.

13. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;
vehicles designed for use on public highways. This includes road testing and delivery.

14. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in any "business" not described in exclusion 14. This exclusion (14.) does not apply to the maintenance or use by "you" or any "family member" of a "non-owned auto" which is a private passenger "auto" or "trailer".

15. Loss or damage to a vehicle being towed by "your covered auto", which is not shown on the Declarations and for which premium has not been paid. This provision does not pertain to any "trailer".

16. The cost of delay in repair, nor will "we" pay more than the cost of repair and/or replacement of "autos" of standard makes and similar type, and "we" will not pay for any extraneous items or any finish or special customizing of such vehicle other than as originally and normally manufactured. This policy does not insure, under any of the coverages, the cost of any part of the "auto", or its equipment, that is not permanently attached to the vehicle at the time of loss.

17. Loss or damage to any specially built body, food vending equipment, catering equipment, or refrigeration equipment, nor to travel "trailers", unless such equipment is described in the application and a premium charged therefore.

18. The cost of loss or damage to any special equipment or furnishings, unless permanently attached to the covered "auto" and specifically

P000017

declared in the application from which this policy was issued and then only for the amount in excess of the deductible on the coverage applicable. Special equipment or furnishing includes but is not limited to the following described custom equipment:

a. custom car kits;

b. custom grills, louvers, scoops, continental kits and/or spoilers;

c. chrome, alloy, mag-type wheels or any custom wheel coverings or racing tires or tires wider than those installed as original factory equipment;

d. window film tinting;

e. alarms, radar detection devices;

f. customized t-tops, sunroof, moon roof, convertible tops, and/or customized non-factory vinyl tops;

g. customized paint, including but not limited to lacquer paint and upholstery other than the original manufacturer;

h. ground effect kits;

i. modified and/or altered suspensions other than factory installed;

j. special gauges, modified carburetor systems and/or engines.

19. Loss to "your covered auto" while being operated in any pre-arranged or organized racing or speed contest or in practice or preparation for any such contest.

20. Any loss to "your covered auto" arising out of or during its commercial use for the transportation of any explosive substance, flammable liquid, or similar hazardous material, except transportation incidental to "your" ordinary household or farm activities.

21. Any loss resulting from lack of lubricants, oil, transmission fluid, coolant, or loss resulting from seepage of water.

22. Any loss due to taking or confiscation by governmental or civil authority, for any purpose including temporary taking or temporary confiscation.

23. Any loss due to illegal sale, or repossession of a motor vehicle by the rightful owner.

24. Any loss due to theft, embezzlement or other unlawful conversion of the owned "auto" after custody of said "auto" has been entrusted to another party for the purpose of subleasing, leasing or selling said "auto", whether under a consignment or not. This exclusion will apply whether the theft, embezzlement or unlawful conversion of the "auto" was committed by the person to whom the vehicle was entrusted or by any other person.

25. Any loss of, or to, or destruction of any vehicle, in whole or in part, intentionally caused by, or at the direction of "you", any "insureds", any "family member", or any person listed as a driver in the Declarations. This exclusion shall not deny an insured's otherwise covered property loss if the property loss is caused by an act of domestic violence by another insured under the policy, and the insured who claims the property loss

P000018

cooperates in any investigation relating to the loss and not cooperate or contribute to the creation of the property loss.

26.   "Collision" coverage shall not apply to any "auto" being operated by any person not listed on the policy who has been a "resident" of "your" household for more than 30 days. "You" must notify "us" within 30 days of the time when a person becomes a "resident" who was not listed on the policy.

27.   "Collision" coverage shall not apply to any "auto" being operated by any person without a current valid license to drive a motor vehicle, regardless of where that person resides.

B.   "We" will not pay for diminution of value:

1.   caused by "collision" to "your covered auto"; or
2.   caused by "other than collision" to "your covered auto".

C.   "We" will not pay for physical damage to any vehicle other than "your covered auto" which is rented, hired, or leased for a period of less than 6 months, by "you".

## TOWING AND LABOR

"We" will pay towing and labor costs incurred each time "your covered auto" is disabled, up to the amount shown in the Schedule or in the Declarations as applicable to the vehicle. We will only pay for labor performed at the place of disablement. This coverage applies only to "your covered auto" for which a premium charge is shown in the Declarations for Towing and Labor Costs Coverage.

## RENTAL REIMBURSEMENT COVERAGE

"We" will pay for reimbursement of rental expenses of an "auto" rented from a qualified rental agency while "your covered auto" is being repaired following a covered "comprehensive" or "collision" loss. "We" will not pay Rental Reimbursement for damage due to wear and tear, freezing, mechanical or electrical breakdown or failure or road damage to tires. The maximum of "our" liability for rental reimbursement is $30.00 a day with a $900.00 maximum of coverage in any 12 month period. A specific premium charge in the Declarations for Rental Reimbursement Coverage indicates that the Rental Reimbursement Coverage applies to "your" policy.

In addition, "we" will pay up to $100 for the cost of towing "your" vehicle due to a covered "collision" loss, if the Declarations indicates that Rental Reimbursement Coverage applies to "your" policy.

## LIMIT OF LIABILITY

A.   "Our" limit of liability for loss will be the lesser of the:

1.   Actual cash value of the stolen or damaged property, but not to exceed $50,000.00, unless specifically endorsed for a greater amount, or;
2.   Amount necessary to repair or replace the property, but not to exceed $50,000.00 unless specifically endorsed for a greater amount or;
3.   Amount necessary to repair the property subject to "our" determination of declaring the property a total loss.
4.   The limit of liability for a "non-owned auto" for "collision" coverage will be the cost to repair or replace the vehicle, up to the amount equal to the actual cash value of "your covered auto" as listed in the declarations, less "your" deductible.

P000019

However, the most "we" will pay for loss to any "non-owned auto" which is a "trailer" is $500.00.

B.   Actual cash value means fair market value.
C.   "We" reserve the right to make payment for repairs or replacement of property with other property of like kind and quality and/or parts supplied by a source other than the manufacturer of "your" vehicle such as aftermarket, used, recycled, rebuilt, restored, recored or exchanged parts.
D.   "We" reserve the right to take any appropriate deductions from settlement due to "betterment".

## TOTAL LOSS

In the event that "we" determine "your" vehicle to be a total loss, "you" must allow "us" to move "your" vehicle to a storage free location of "our" choice. "We" reserve the right to retain "your" vehicle and/or its salvage property after "we" determine that "your" vehicle is a total loss.

## PAYMENT OF LOSS

"We" may pay for loss in money or repair or replace the damaged or stolen property. "We" may make this payment to "you" or any "loss payee" as the person or entities interest appear. "We" may, at "our" expense, return any stolen property to:
A.   "You"; or
B.   The address shown in this policy. If "we" return stolen property, "we" will pay for any damage resulting from the theft. "We" may keep all or part of the property at an agreed or appraised value.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other insurance also covers the loss, "we" will pay only "our" share of the loss. "Our" share is the proportion that "our" limit of liability bears to the total of all applicable limits. However, any insurance "we" provide with respect to a "non-owned auto" or any vehicle used as a temporary substitute for a vehicle "you" own shall be excess over any other collectible insurance.

## APPRAISAL

A.   If "we" and "you" do not agree on the amount of loss, either may demand an appraisal of the loss. In that event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
1.   Pay its chosen appraiser; and
2.   Bear the expenses of the appraisal and umpire equally.
B.   "We" do not waive any of "our" rights under this policy by agreeing to an appraisal.

## PART E— DUTIES AFTER AN "ACCIDENT" OR LOSS

P000020

A.    "We" must be notified promptly in writing of how, when and where the "accident" or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B.    A person seeking any coverage must:

1.    Cooperate with "us" in the investigation, settlement or defense of any claim or suit.

2.    Promptly send "us" copies of any notices or legal papers received in connection with the "accident" or loss.

3.    Submit, as often as "we" reasonably require:

a.    to physical exams by physicians "we" select. "We" will pay for these exams.

b.    to examinations under oath, and correct and sign under oath the transcript of the examination(s) under oath.

c.    Any documents "we" indicate are reasonable and necessary to investigate and process "your" claim at the examination under oath. Such documents will be provided in a timely manner, and if need be, prior to the scheduled examination under oath.

4.    Authorize "us" to obtain:

a.    medical reports; and

b.    other pertinent records.

5.    Submit a proof of loss when required by "us".

C.    A person seeking Uninsured Motorist Coverage must also:

1.    Notify the police as soon as practicable if a hit and run driver is involved.

2.    Provide "us", as soon as practicable, with a copy of the complaint if a suit is brought by the "insured" against the owner or operator of the "uninsured motor vehicle" or "underinsured motor vehicle".

3.    Within a reasonable time, make available at "our" expense all pleadings and depositions, if an "insured" brings an action against an owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle".

4.    Provide "us" with proof that the limits of liability under any applicable liability bond or policies have been exhausted by payment of judgments or settlements.

D.    A person seeking Coverage for Damage to Your Auto must also:

1.    Take reasonable steps after loss, at "your" expense, to protect "your covered auto" or a "non-owned auto" and its equipment from further loss. If "your covered auto" is disabled due to loss insured under this policy, and either towing or storage of the "covered auto" is necessary to protect the "auto" from further loss "we" will pay reasonable towing charges and reasonable storage charges up to and no more than five days for protection of "your covered auto".

2.    Notify the police, within 48 hours of discovery of the event, if "your covered auto" is stolen.

3.    Permit "us" to inspect and appraise the damaged property as often as "we" reasonably require before its repair or disposal.

4.    Send "us", within 60 days of the loss, "your" signed sworn statement in proof of loss in the form provided to "you"; or, if no form is provided to "you", a form of "your" own creation, sworn to

P000021

under oath, and showing the date and time of loss, the cause of loss, the actual cash value and amount of loss to "your covered auto", and attaching detailed repair estimates.

## PART F — GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve "us" of any obligations under this policy.

### CHANGES

This policy contains all the agreements between "you" and "us". Its terms may not be changed or waived except by endorsement issued by "us". If a change requires a premium adjustment, "we" will adjust the premium as of the effective date of change. "We" may revise this policy form to provide more coverage without additional premium charge. If "we" do this, "your" policy will automatically provide the additional coverage as of the date the revision is effective in "your" state.

### MISREPRESENTATION OR FRAUD

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:
(a)  At the time of application; or
(b)  At any time during the policy period; or
(c)  In connection with the presentation or settlement of a claim.

### LEGAL ACTION AGAINST US

A.  No legal action may be brought against "us" until the "insured" has fully complied with all the terms and conditions of this policy. In addition, under Part A, no legal action may be brought against "us" until the amount of the "insured's" obligation to pay has been finally determined, either by a final judgment against the "insured" after actual trial; or by written agreement of the "insured", the claimant and "us".

B.  No person or organization has any right under this policy to bring "us" into any action brought to determine the liability of an "insured".

C.  Under Part B and Part D, no legal action may be brought against "us" on this policy, or arising out of any activities of the Company in any way related to this policy, or claims "you" have presented, unless filed within 2 years of the "accident" or loss.

D.  No legal action may be brought against "us" under, upon or resulting from the actions of the Company, with regard to the Uninsured Motorist Coverage or the Underinsured Motorist Coverage, until there has been full compliance with all the terms and conditions of the policy. "You" must file suit pursuant to the terms of the insurance contract within 3 years of the date "you" provided notice of "your" intent to pursue a claim against the Underinsured Motorist Coverage under this policy.

### OUR RIGHT TO RECOVER PAYMENT

If "we" make a payment under this policy, and the person to or for whom payment was made has a right to recover damages from another, "we" shall be subrogated to that right. That person shall do:

LICNV.PPA.0008 (11/2016)                Page 22 of 31

P000022

A.   Whatever is necessary to enable "us" to exercise "our" rights; and

B.   Nothing after loss to prejudice them. However, "our" rights in this paragraph (A.) do not apply under Part D, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

C.   This provision does not apply to:
1.   **PART B — MEDICAL PAYMENTS COVERAGE;** or
2.   Coverage under Section 2. of the definition of "uninsured motor vehicle".

## POLICY PERIOD AND TERRITORY

A.   This policy applies only to "accidents" and losses which occur:
1.   During the policy period as shown in the Declarations; and
2.   Within the policy territory.

B.   The policy territory is:
1.   The United States of America, its territories or possessions;
2.   Puerto Rico; or
3.   Canada.

This policy also applies to loss to, or "accidents" involving, "your covered auto" while being transported between their ports.

## TERMINATION

A.   Cancellation

This policy may be cancelled during the policy period as follows:
1.   The named insured shown in the Declarations may cancel by:
a.   Returning this policy to "us"; or
b.   Giving "us" advance written notice of the date cancellation is to take effect.
2.   "We" may cancel by mailing by first class mail or certified mail to the named insured shown in the Declarations at the address last known by "us":
a.   At least 10 days notice:
(1)   If cancellation is for nonpayment of premium when due; or
(2)   If notice mailed during the first 70 days this policy is in effect and this is not a renewal or continuation policy; or
b.   At least 30 days notice in all other cases.
3.   After this policy is in effect for 70 days, or if this is a renewal or continuation policy, "we" will cancel only:
a.   For nonpayment of premium when due; or
b.   Conviction of the "insured" of a crime arising out of acts increasing the hazard insured against;
c.   Discovery of fraud or misrepresentation in the obtaining of the policy or in the presentation of a claim thereunder;
d.   A material change after the first effective date of the current policy, which causes the risk of loss to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed;

P000023

e. A determination by the Insurance Commissioner that a continuation of the insurer's present volume of premiums would jeopardize the insurer's solvency or be hazardous to the interests of policy holders of the insurer, its creditors or public; or

f. A determination by the Insurance Commissioner that the continuation of the policy would violate, or place the insurer in violation of, any provision of the Insurance Code.

We have the right, at renewal, to modify the Comprehensive Coverage by offering a higher deductible.

Our failure to cancel for any reasons listed above will not obligate "us" to renew the policy.

B. Non-renewal

If "we" decide not to renew or continue this policy, "we" will mail notice to the named insured shown in the Declarations at the address last known by "us". Notice will be mailed by first class mail or certified mail at least 30 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

1. Less than 6 months, "we" will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

2. 6 months or longer, but less than one year, "we" will have the right not to renew or continue this policy at the end of the policy period.

3. 1 year or longer, "we" will have the right not to renew or continue this policy at each anniversary of its original effective date.

C. Automatic Termination

If "we" offer to renew or continue and "you" or "your" representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that "you" have not accepted "our" offer.

If "you" obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that "auto" on the effective date of the other insurance.

D. Other Termination Provisions

A. "We" may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

B. If this policy is cancelled, "you" may be entitled to a premium refund. If so, "we" will send "you" the refund. This premium refund, if any, will be computed according to "our" manuals. If "we" cancel, refunds are computed pro-rata. If "you" cancel, refunds are computed pro-rata with consideration for a minimum earned premium. However, making or offering to make the refund is not a condition of cancellation.

C. The effective date of cancellation stated in the notice shall become the end of the policy period.

D. If "we" cancel or nonrenew this policy, the notice of cancellation or notice of nonrenewal will include the reason(s) for cancellation or nonrenewal.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

"Your" rights and duties under this policy may not be assigned

P000024

without "our" written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

A.      The surviving spouse or domestic partner, if a "resident" in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

B.      The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

### TWO OR MORE "AUTO" POLICIES

**IF THIS POLICY AND ANY OTHER "AUTO" INSURANCE POLICY ISSUED TO "YOU" BY "US" APPLY TO THE SAME "ACCIDENT", THE MAXIMUM LIMIT OF "OUR" LIABILITY UNDER ALL THE POLICIES SHALL NOT EXCEED THE HIGHEST APPLICABLE LIMIT OF LIABILITY UNDER ANY ONE POLICY. THIS IS THE MOST "WE" WILL PAY REGARDLESS OF THE NUMBER OF:**

A.      **"INSUREDS";**

B.      **CLAIMS MADE;**

C.      **VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS; OR**

D.      **VEHICLES INVOLVED IN THE "ACCIDENT".**

### POLICY FEE AND/OR FILING FEE

A Policy Fee and Filing Fee, if any, as set forth under the Declarations of this policy, is fully earned upon issuance of the policy and is not refundable.

### ADDITIONAL PREMIUM DUE

In the event of additional premium due to the incorrect rating of this policy, "we" shall have the right to correct the premium in accordance with "our" published rates and underwriting rules.

### PERSONS EXCLUDED

With the exception coverage provided under the following:

A.     Part A up to the financial responsibility requirements under Nevada Revised Statutes 485.3091, as amended; and

B.     Part C

all coverages, including "our" obligation to defend under the policy shall not apply, nor shall they accrue to the benefit of "you" or any third party claimant, while any "auto" is being operated by any "Persons Excluded" (listed on the Application and/or Declarations Page and/or "Persons Excluded Endorsement" of this policy), regardless of where the person resides or whether the person is licensed to drive. Additionally, there is no coverage to the named insured for any negligence which may be imputed by law to the named insured arising out of the maintenance, operation of use of a motor vehicle by the excluded person.

This exclusion applies to the policy, or any continuation, renewal, or replacement of the policy by the named insured, or reinstatement within 30 days of any lapse thereof.

### LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid as interest may appear to "you" and the loss payee shown in the Declarations.

If "you" surrender possession of the "covered auto" to the loss payee or the loss payee repossesses the "covered auto", "we" will

LIC.NV.PPA.0008 (11/2016)             Page 25 of 31

P000025

not pay the loss payee for loss occurring after the date the loss payee or its agents takes possession of the "auto".

"We" will not pay the loss payee more than the Repair Costs of the "covered auto", Actual Cash Value of the "covered auto" or the existing loan balance as of the date of loss, which ever is less and minus any applicable deductible. This insurance covering the interest of loss payee shall become invalid only because of "your" illegal or fraudulent acts or omissions. "We" will not pay for any loss caused by conversion, embezzlement, or concealment by "you" or anyone acting on "your" behalf. If "we" pay the loss payee "we" shall, to the extent of payment, be subrogated to the loss payee's rights to recovery. If the loss is not covered under the policy, "we" are subrogated to the loss payee's rights against "you", up to the amount of "our" payment.

"We" reserve the right to cancel the policy as permitted by the policy terms and the cancellation shall terminate the policy and this agreement as to the loss payee's interest. "We" will give the same notice of cancellation to the loss payee and named insured as required under the law.

## LOSS PAYABLE DEDUCTIBLE PROVISION

If "we" are asked to pay the loss payee, "we" will apply a deductible shown in the Declarations for the interest of the loss payee, only not to exceed $500 for Part D coverage for damage to "your" "auto".

This loss payee deductible provision is extended, provided that when a loss occurs, the loss payee can show:

A.      The named insured has defaulted in payment; and

B.      The loss payee has made all reasonable efforts to collect overdue payments and, failing to do so, has repossessed the vehicle shown in the Declarations; and

C.      The interest of the loss payee has become impaired.

Nothing in this provision changes the amount of the deductible in the Declaration for the interest of the named insured.

---

This endorsement applies only if form number CN-207 appears on the Declaration page.

## DEFINITIONS

For purposes of this endorsement only the following definitions are amended.

A.      Throughout this policy, "you" and "your" means only the person shown as the named insured on the Declarations Page.

J.      "Your covered auto" means:

1.      An "auto" not owned by "you", "your" spouse or members of the household in which "you" reside which "you" are using with the permission of the owner.

2.      Any "auto" of which "you" acquire ownership during the policy period. For coverage to apply under Part 1 Liability coverage, "you" must, however, notify "us" within 30 days of its acquisition. Physical Damage coverage will apply to the newly acquired "auto" only if "you" ask "us" to provide such coverage and "we" agree to do so. "You" must pay any additional premium charges for coverage for the newly acquired "auto".

## PART A — LIABILITY COVERAGE

LIC.NV.PPA.0008 (11/2016)                    Page 26 of 31

P000026

**INSURING AGREEMENT**
This section of "your" policy is amended as follows:

"We" will pay damages for which "you" are legally liable because of "bodily injury" and/or "property damage" caused by an "accident" arising out of the use of "your covered auto." "We" will settle any claim or defend any lawsuit which is payable under the policy.

"We" have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy. "OUR" DUTY TO SETTLE OR DEFEND ENDS WHEN "OUR" LIMIT OF LIABILITY FOR THIS COVERAGE HAS BEEN PAID.

**DEFINITIONS**
As used in this Part, "insured" means "you" while "you" are using "your covered auto" with the permission of the owner.
**EXCLUSIONS**
Exclusion A.6 is amended as follows:
   6.   While employed or otherwise engaged in the "business" of:
         a .   selling;
         b .   repairing;
         c .   parking; or
         d .   storing;
         vehicles designed for use mainly on public highways. This includes road testing and delivery.

Exclusion A.7 is amended as follows:
   A.   For "bodily injury" or "property damage" resulting from the maintenance or use of "your covered auto" in the course of any "business". For purposes of this endorsement "business" includes, but is not limited to, delivery for a charge or fee of newspapers, magazines or any food.

Exclusion B.2 is amended as follows:
   2 .   Any vehicle other than "your covered auto".

**OTHER INSURANCE** is replaced in its entirety with the following:
This coverage is excess over any other applicable insurance or bond.

**PART B — MEDICAL PAYMENTS COVERAGE**

**It is agreed that the Medical Payments Coverage is amended as follows:** This coverage applies only if a premium is shown for Medical Payments Coverage on the Declarations Page.

**EXCLUSIONS**

Exclusion E. is amended as follows:
E.   Sustained while "occupying" or when struck by any vehicle which is owned by "you", "your" spouse or members of the household in which "you" reside.
Exclusion H. is amended as follows:
H.   Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured."

**OTHER INSURANCE** is replaced in its entirety with the following:
This coverage is excess over any other applicable insurance or bond.

**DEFINITIONS**

LIC.NV.PPA.0008 (11/2016)          Page 27 of 31

P000027

For purposes of this endorsement only the following definition is amended.

As used in this Part, "insured" means "you" while "occupying", or when struck by, a car or "trailer".

## PART C — UNINSURED MOTORIST COVERAGE

It is agreed that the Uninsured Motorist Coverage is amended as follows:

This coverage applies only if a premium is shown for Uninsured Motorist Coverage — Bodily Injury coverage on the Declaration Page.

**INSURING AGREEMENT**

This section of "your" policy is amended as follows:

A.      "We" will pay damages for "Bodily Injury", which "you" are legally entitled to recover from the owner or operator of an "uninsured motor vehicle". The "bodily injury" must be caused by an "accident" and result from the ownership, maintenance or use of an "uninsured motor vehicle".

Named Non-Owner Endorsement CN-207 (1/01)

---

## NOTIFICATION OF INFORMATION PRACTICE — YOUR PRIVACY

When "you" applied for insurance, "you" entrusted "us" with some personal information about yourself. Like "you", "we" are concerned with "your" privacy and its protection. Therefore, "we" want "you" to know about "our" procedures for protecting "your" privacy, and "our" rights and responsibilities regarding recorded information about "you". As "our" customer, "we" want "you" to understand how "we" gather information, how "we" protect it, and how "you" can help insure its accuracy.

**WHAT KIND OF INFORMATION IS COLLECTED ABOUT "YOU"**

1.      "Your" application for insurance contained personal information which "you" supplied. Personal information may be collected from persons other than the individual or individuals proposed for coverage. On some occasions it becomes necessary for "us" to obtain additional information, such as motor vehicle driving records from the Department of Motor Vehicles, and information from an independent source to verify and add to information given in "your" application. The independent sources are commonly called Consumer Reporting Agencies.

2.      "You" have a right to access the information "we" have collected about "you", and "you" have the further right to correction with respect to all personal information contained in "our" files.

3.      Since, like "you", "we" are concerned with protection of "your" privacy, the information collected about "you" is kept confidential. However, personal information and other privileged information collected by "us" or "our" agents may, in certain circumstances, be disclosed to certain third parties, such as reinsuring companies and insurance claims adjusters needed to service "your" insurance

P000028

4.    account. This may be done without "your" authorization, as permitted or required by law. A detailed notice of information practices shall be provided to "you" by the Company upon "your" request.

## YOUR PRIVACY IS OUR CONCERN

"We" gather information about "our" customers only in the interest of providing them with quality services at fair prices. "We" are committed to the careful handling of personal information. If, after reading this notice, "you" may have any questions about what's in "your" files, contact "us".

## MEXICO WARNING

Unless "you" have "auto" insurance written by a Mexican insurance company, "you" may spend many hours or days in jail, if "you" have an "accident" in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of "your" "auto".

In Witness Whereof, the company has caused this policy to be executed and attested by a duly authorized representative of the company.

Secretary              President

P000029